GONZALO LANDOL GALARCE, demandante y apelante, *v.* ELOY
COLÓN y PORTO RICAN AND AMERICAN INSURANCE COM-
PANY, INC., demandados y apelados.

Número 11294.
*Sometido:* 2 de diciembre de 1954. *Resuelto:* 15 de agosto de 1955.

*Rodríguez Ema & Rodríguez Ramón,* abogados del apelante; *Córdova & González* y *H. Martínez Muñoz,* abogados de la apelada.

EL JUEZ PRESIDENTE SEÑOR SNYDER emitió la opinión del Tribunal.

El 6 de marzo de 1952 Gonzalo Landol Galarce instó demanda ante el Tribunal Superior contra Eloy Colón y la Porto Rican & American Insurance Co., Inc. por daños y perjuicios provenientes de un accidente de automóvil. El demandante y la compañía de seguros sometieron el caso al tribunal sentenciador a base de una estipulación sobre los hechos. Éste desestimó el caso en cuanto a la compañía de seguros, dejándolo abierto en cuanto a Colón quien no fué parte en la estipulación. El demandante apeló ante este Tribunal de la sentencia declarando sin lugar la demanda con respecto a la compañía aseguradora.

Haremos un resumen de los hechos estipulados y admitidos. El 9 de marzo de 1951 el demandante, soldado que iba como pasajero en un camión del ejército, recibió lesiones como resultado de un choque entre el vehículo militar y un camión propiedad de Colón, manejado por Félix Ortiz Figueroa dentro de los deberes de su empleo como agente de Colón. El accidente se debió a la negligencia de Ortiz. El camión de Colón estaba asegurado bajo una póliza expedida por la compañía demandada que disponía que "[a]l ocurrir un accidente, tan pronto como sea posible, se avisará por escrito por el o a nombre del Asegurado a la Compañía o a cualquiera de sus agentes autorizados."

Colón supo del accidente el mismo día en que éste ocurrió. Cuatro días después notificó a José S. Polo, el corredor de quien obtuvo la póliza, dándole cuenta del accidente y de los pormenores del mismo. La compañía no tuvo noticias del accidente hasta que recibió del abogado del demandante copia de una carta escrita por él a Colón, el 14 de febrero de 1952, haciéndole la correspondiente reclamación. El 10 de marzo de 1952 la compañía escribió a Colón diciéndole que había

recibido copia de la referida carta pero que no era responsable de acuerdo con la póliza ya que la compañía no fué notificada del accidente dentro de un término razonable después de ocurrido el mismo. En ese momento, a solicitud de Colón, Polo envió a la compañía la notificación del accidente.

Basado en los anteriores hechos, el tribunal sentenciador resolvió como cuestión de derecho que la compañía aseguradora no era responsable porque Colón no había cumplido con la disposición de la póliza en cuanto a la notificación. Asimismo resolvió que la notificación hecha por Colón a Polo, el corredor, cuatro días después del accidente, no constituía cumplimiento de la disposición sobre notificación contenida en la póliza, porque el corredor era un representante del asegurado y no un agente de la compañía bajo la Ley de Seguros.

■■ De conformidad con el estatuto de Luisiana sobre acción directa, la omisión del asegurado de notificar al asegurador de la ocurrencia del accidente con frecuencia no constituye una defensa en una acción instada por el demandante en contra del asegurador únicamente. La teoría de los casos que interpretan el estatuto de Luisiana a este efecto es que la causa de acción del demandante contra el asegurador es diferente y separada de su causa de acción contra el asegurado. *Jackson* v. *State Farm Mut. Automobile Ins. Co.*, 29 So.2d 177 (La., 1946); *Lumbermen's Casualty Co.* v. *Elbert*, 348 U. S. 48, 99 L.ed. 83; véase *Edwards* v. *Royal Indemnity Co.*, 161 So. 191 (La., 1935). Pero recientemente resolvimos que la enmienda del art. 175 de nuestra Ley de Seguros por la Ley núm. 60, Leyes de Puerto Rico, 1952, que permite un pleito contra el asegurador únicamente, era sólo procesal y no creó, como en Luisiana, una causa de acción separada y distinta contra el asegurador. *Pérez* v. *Maryland Casualty Co. et al.*, ante pág. 475, (1955). Toda vez que en Puerto Rico la causa de acción del demandante contra una compañía de seguros continúa siendo subsidiaria y contingente a la responsabilidad del asegurado para con el demandante, la regla aquí, contraria a la de Lui-

siana, es que la falta de una notificación razonable de la ocurrencia del accidente continúa bajo las debidas circunstancias siendo una defensa adecuada de la compañía aseguradora. *Faulkner* v. *Nieves*, 76 D.P.R. 434, y caso citados; Anotaciones, 18 A.L.R.2d 499; 106 A.L.R. 532.([1])

 Sin embargo, el hecho de que tal defensa pueda todavía ser levantada por una compañía aseguradora no pone fin a este caso. Lo que constituye un aviso razonable depende de los hechos de cada caso. Y la Asamblea Legislativa claramente ha demostrado su intención por las enmiendas al art. 175 de eliminar algunas de las defensas técnicas de las compañías aseguradoras que no afectan los méritos del caso. A tenor con esta tendencia, dijimos en el caso de *Faulkner* a la pág. 440 que " . . . para que el incumplimiento de la obligación de notificar por escrito releve a la aseguradora de responsabilidad es necesario que ésta demuestre que tal incumplimiento le causó *daños sustanciales*. *Conroy* v. *Commercial Casualty Ins. Co.*, 140 Atl. 905, 907." (Bastardillas nuestras.) Véanse también *Leach* v. *Farmer's Automobile Interinsurance Exch.*, 213 P.2d 920 (Idaho, 1950); *Weller* v. *Cummins*, 47 N.W. 2d 612 (Mich., 1951); XV Revista del Colegio de Abogados de Puerto Rico 85; Nota, 68 Harv. L. Rev. 1436–9 (Junio, 1955).

No encontramos tal perjuicio sustancial para la compañía aseguradora en este caso. "El propósito del requisito de la notificación escrita a la aseguradora es colocar a ésta en condiciones de practicar prontamente la investigación correspondiente y de preparar su defensa". *Faulkner* v. *Nieves*, supra, pág. 439. En muchos casos esto se puede hacer eficazmente sólo " . . . mientras los resultados físicos del accidente todavía estén visibles y el recuerdo esté aún fresco . . .".

---

([1]) Nos damos cuenta de que a veces esta regla funciona injustamente al privar a un demandante de una causa de acción que de otro modo sería válida contra las compañías aseguradoras. Pero compete a la Asamblea Legislativa—y no a este Tribunal—determinar si el art. 175 debe ser modificado otra vez para establecer una doctrina en Puerto Rico, germana a la regla de Luisiana, en cuanto a la notificación y a otras defensas.

68 Harv. L. Rev. a la pág. 1437. Pero aquí afortunadamente el Ejército practicó una investigación del accidente en seguida que éste ocurrió. La estipulación sobre los hechos incluye una declaración jurada, de fecha 11 de abril de 1951, suscrita por el chófer del camión del Ejército ante un Oficial Investigador de éste, que describe cómo ocurrió el accidente y las lesiones personales recibidas por el demandante a consecuencias del mismo. No hay motivo para creer que la investigación del Ejército no fuera completa y objetiva no obstante el hecho de que estuvieran envueltos en el accidente un vehículo del Ejército y unos soldados. Además, hasta donde sepamos, tanto los archivos de la investigación del Ejército como de los hospitales militares donde el demandante fué curado y quedó recluído estaban a la disposición de la aseguradora. El tribunal sentenciador resolvió a base de los hechos estipulados y de otra evidencia que obra en autos que el accidente fué causado por la negligencia del chófer del camión asegurado. Bajo dichas circunstancias no podemos convenir en que la aseguradora fuera "sustancialmente perjudicada" por la omisión del asegurado de notificar a la compañía directamente dentro de un término razonable luego de ocurrido el accidente. Y en vista de lo anteriormente expuesto, es innecesario pasar sobre la contención del demandante de que la notificación de Colón al corredor a los cuatro días de ocurrido el accidente constituyó un aviso a la aseguradora por el fundamento de que bajo las circunstancias Colón era el agente de la compañía aseguradora para dichos fines. Compárese *Gerber* v. *Fletcher*, 164 Atl. 135 (Pa., 1933), con *Pringle* v. *Aetna Life Ins. Co.*, 101 S.W. 130 (Mo., 1907).

Toda vez que casi todos los hechos fueron estipulados, el demandante nos pide que dictemos sentencia por una suma adecuada contra la compañía aseguradora. No podemos hacer esto ya que Colón no fué parte en la estipulación sobre los hechos.

*La sentencia del Tribunal Superior será revocada y el caso devuelto para ulteriores procedimientos consistentes con esta opinión.*

El Juez Asociado Sr. Belaval concurre en el resultado.

### SENTENCIA

San Juan, Puerto Rico, a 26 de septiembre, 1955.

A la moción de reconsideración del demandante de fecha 26 de agosto de 1955, visto el informe de la demandada Porto Rican and American Insurance Co., Inc., al efecto de que no tiene objeción a que este Tribunal fije la suma adecuada como compensación al demandante y dicte sentencia contra dicha compañía dentro del límite de su responsabilidad bajo la póliza, se deja sin efecto nuestra sentencia de 15 de agosto de 1955 y se dicta nueva sentencia a favor del demandante y en contra de la demandada Porto Rican and American Insurance Co. por la suma de $9,500 más las costas.

Así lo pronunció y manda el Tribunal y firma el Sr. Juez Presidente.

A. CECIL SNYDER,
*Juez Presidente.*

Certifico:

IGNACIO RIVERA,
*Secretario.*