JUAN TRIGO, demandante y recurrente, *v.* THE TRAVELERS INSURANCE COMPANY, demandada y recurrida.

Número: R-64-143        Resuelto: 11 de marzo de 1965

*Álvaro R. Calderón, Jr.,* abogado del recurrente; la recurrida no compareció.

Sala integrada por el Juez Presidente Interino Señor Pérez Pimentel y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

EL JUEZ ASOCIADO SEÑOR SANTANA BECERRA emitió la opinión del Tribunal.

El recurrente interpuso demanda de daños contra The Travelers Insurance Co. por razón de lesiones que recibiera al ser arrollado por un vehículo de motor. Se alegó que el accidente ocurrió el 22 de diciembre de 1962 y la demanda se radicó en la Sala de San Juan del Tribunal Superior el 5 de marzo de 1964. En el párrafo sexto de su demanda expuso el recurrente el haber hecho gestiones extrajudiciales para recobrar los daños que reclamaba, y que había realizado la última de esas gestiones con la demandada The Travelers Insurance Company el día 9 de octubre de 1963. Si tomamos en cuenta esta fecha, no había transcurrido un año cuando se radicó la demanda.

Travelers interpuso moción para desestimar la demanda por razón de haber prescrito la causa de acción. Expuso que, si bien se alegaba en la misma que el demandante hizo gestiones extrajudiciales "frente a la demandada", tales reclamaciones extrajudiciales se habían hecho tan sólo a ella, la compañía de seguros, y que la demanda no alegaba que se hubieran hecho reclamaciones extrajudiciales al asegurado mismo. Argumentó que como compañía aseguradora no era responsable en derecho de no serlo el asegurado, y que estando prescrita la acción en cuanto a éste último, no había causa de acción contra ella. Invocó el caso de *Cruz* v. *González*, 66 D.P.R. 212 (1946).

Discutido el anterior planteamiento de derecho con miras a una estipulación de las partes en el sentido de que como cuestión de hecho cierto el demandante en ningún momento había realizado requerimientos de clase alguna al propio asegurado, y que las gestiones extrajudiciales habían sido hechas únicamente en cuanto a la compañía de seguros demandada, la Sala sentenciadora dictó sentencia desestimando la demanda.

En *Cruz* v. *González*, supra, invocado por la demandada y aquí recurrida, se suscitó una cuestión similar a la presente. Se demandó conjuntamente al asegurado y a la aseguradora

un año después de haber ocurrido un accidente. La allí demandante le había hecho reclamación extrajudicial sólo a la aseguradora. Se le desestimó su demanda por estar prescrita. Ante su argumentación de que ella era una acreedora del asegurador en vista de la Sec. 175 de la Ley de Seguros entonces vigente que le permitía demandar al asegurador conjuntamente con el asegurado, dijimos que suponiendo que ella fuera tal acreedora de modo que su reclamación extrajudicial habría interrumpido el término en cuanto a la compañía aseguradora, la acción estaba prescrita en cuanto al asegurado y, por tanto, lo estaría en cuanto a la aseguradora, que únicamente respondía si el asegurado era responsable. Observamos también que sólo en el caso de las obligaciones solidarias una reclamación hecha a un deudor perjudicaba al otro a tenor con el Art. 1874 del Código Civil (ed. 1930) y no había allí alegación de que la aseguradora se hubiera obligado a responder a terceros solidariamente con el asegurado. Finalmente dispusimos que aun cuando resultara interrumpida la acción en cuanto a la compañía aseguradora ello no perjudicaba al asegurado y, siendo así prescrita la acción contra el asegurado, no había *causa de acción* contra la aseguradora ya que en derecho ésta no era responsable de no serlo aquél. [1]

Después, en *United States Casualty Co.* v. *Corte*, 66 D.P.R. 937 (1947), nos confrontamos con una demanda inter-

---

[1] La Sec. 175 de la Ley de Seguros, Ley Núm. 66 de 1921 según fue enmendada dicha sección en 1929, disponía:

"Será ilegal toda cláusula en un contrato de seguro que impida al asegurado el derecho de reclamar en los tribunales de justicia en cualquier momento después de ocurrido el accidente, contra el cual se hizo el seguro, el importe de cualquier pérdida sufrida y que hubiere sido objeto de dicho seguro. Cuando el causante de los daños estuviere asegurado contra el accidente que produjo la pérdida o los daños y en el caso en que una póliza de seguro se hubiere expedido para beneficiar a un tercero, la acción para reclamar la indemnización que proceda, podrá presentarse conjuntamente contra el asegurado y la compañía aseguradora. El tribunal determinará no sólo la responsabilidad de la compañía, sino también el alcance de la pérdida."

La enmienda hecha por la Ley Núm. 19 de 1929 consistió en intercalar la segunda oración.

puesta solamente contra la aseguradora—como en este caso —quien solicitó que se desestimara la misma por falta de causa de acción, aduciendo que su responsabilidad dependía de la responsabilidad del asegurado. Revocamos al Tribunal de instancia que se negó a desestimar y dijimos que para que un demandante pudiera obtener sentencia contra la compañía aseguradora y para que la demanda expusiera *causa de acción* contra la aseguradora era preciso (a) que el demandante hubiera obtenido ya una sentencia firme contra el asegurado o, (b) que el asegurado hubiera sido demandado conjuntamente con la aseguradora conforme a la Sec. 175 de la Ley de Seguros, antes citada. Aclaramos el alcance de la Sec. 175 al efecto de que al permitir la misma unir al asegurado y/a la aseguradora en una misma demanda, no creó ningún derecho de acción contra la aseguradora que antes no existiera, y que su propósito fue sólo el evitar dos pleitos, primero uno contra el asegurado y, de prosperar, un segundo contra el asegurador. Considerando, sin embargo, que la demanda en ese caso era susceptible de enmienda uniéndose como parte demandada al asegurado, al revocar y sostener la moción para desestimar concedimos permiso al demandante para presentar demanda enmendada.

En *Bithorn* v. *Santana* (1948) resuelto poco después, 68 D.P.R. 300, se radicó la demanda de daños también contra la compañía aseguradora únicamente, como ahora. El Tribunal de instancia sostuvo una moción para desestimar por falta de *causa de acción* siguiendo la norma sentada en el caso anterior de *United States Casualty Company*. Concedió permiso al demandante para enmendar, para que incluyera al asegurado como codemandado. El asegurado fue incluido en una demanda enmendada que se radicó después de pasado un año de ocurrir el accidente. Por el fundamento de que la acción estaba prescrita en cuanto al asegurado, se solicitó la desestimación de la demanda enmendada, a lo cual accedió el Tribunal sentenciador. Ratificamos el

principio de que una demanda contra la aseguradora solamente aducía *causa de acción* de haberse obtenido antes sentencia firme contra el asegurado, y en cuanto a la demanda enmendada en que ya aparecía el asegurado como parte, seguimos la norma sentada en *Cruz* v. *González*, al efecto de que por ser subsidiaria la responsabilidad de la aseguradora a la del asegurado, estando prescrita la acción contra éste, no podía existir *causa de acción* contra aquélla. Confirmamos la sentencia que desestimó también la demanda enmendada después de concluir como cuestión de hecho que el término prescriptivo no había sido interrumpido contra el allí asegurado por reclamación extrajudicial.

Véanse *Guerra* v. *Ortiz*, 71 D.P.R. 613, 624 (1950) y *Autoridad de Fuentes Fluviales* v. *Irizarry*, 72 D.P.R. 644, págs. 650 y ss. (1951), donde, en un incidente de embargo de tipo jurisdiccional, volvimos a reafirmar (651) que la responsabilidad del asegurador no surgía hasta que primeramente se estableciera la responsabilidad del asegurado. Así, hasta que se hubiera determinado dicha responsabilidad independiente del asegurador, éste nada debía al asegurado ni existía un interés del asegurado que fuera embargable por un demandante, a los efectos de someterlo a la jurisdicción de nuestras cortes. El caso de *Irizarry* se resolvió el 8 de junio de 1951.

Una lectura de las decisiones mencionadas demuestran las frustraciones de los perjudicados, por tecnicismos de ley y de interpretación al tratar de alcanzar la responsabilidad de las compañías de seguros en casos de accidentes. Si por alguna razón el perjudicado no tenía acceso al asegurado por ausencia de éste o por estar fuera de la jurisdicción, como ocurría en el caso de *Irizarry*, o si por algún motivo le prescribía la acción contra un asegurado por haber estado entretenido haciendo gestiones con la aseguradora inducido por la creencia de que era ésta con quien debía gestionar, su reclamación fracasaba. Incuestionablemente esta situación era del conocimiento de la Legislatura cuando en la próxima sesión

ordinaria después del fallo de *Irizarry*, se enmendó la Sec. 175 de la anterior Ley de Seguros por la Ley Núm. 60 de 17 de abril de 1952 para disponer entonces que la acción para reclamar indemnización podría "presentarse contra la compañía aseguradora únicamente o conjuntamente contra el asegurado y la compañía aseguradora". La propia decisión de *Irizarry* sugirió acción legislativa para terminar con una situación poco equitativa para el perjudicado y muy ventajosa para las compañías aseguradoras.

La enmienda de 1952 a la Sec. 175 se interpretó en *Pérez* v. *Maryland Casualty Co.*, 78 D.P.R. 475 (1955), que decidimos el 30 de junio de 1955. Distinto de lo que al parecer era el efecto de la enmienda aludida al permitirse ahora una acción contra el asegurador únicamente, sostuvimos en *Pérez* que dicho cambio era de tipo procesal pero que nada había en el lenguaje de la enmienda o en su historial legislativo que sugiriera que la Asamblea Legislativa había querido crear, como en Louisiana "una causa de acción separada y distinta contra el asegurador" diferente a la causa de acción contra la persona responsable del daño, ya se le demandara sola o ya en unión de su asegurador; y que la Asamblea Legislativa había dejado inalterada la naturaleza de la responsabilidad del asegurador, que dependía aún de que se encontrara responsable al asegurado. (78 D.P.R. 480–481.) Véase *Landol* v. *Colón*, 78 D.P.R. 602 (1955). Interpretada así la legislación de 1952, la misma no mejoró en gran cosa la situación que se pretendió subsanar.

Tal era el estado de derecho sentado por este Tribunal cuando se discutió y se aprobó el vigente Código de Seguros de Puerto Rico, Ley Núm. 77 de 19 de junio de 1957, 26 L.P.R.A. ed. 1958. El apartado 20.010 de dicho Código bajo el encabezamiento "Responsabilidad Absoluta del Asegurador", dispone:—

"El asegurador que expidiere una póliza asegurando a una persona contra daños o perjuicios, por causa de responsabilidad

legal por lesiones corporales, muerte o daños a la propiedad de una tercera persona, será absolutamente responsable cuando ocurriere una pérdida cubierta por dicha póliza, y el pago de dicha pérdida por el asegurador hasta el grado de su responsabilidad por la misma, con arreglo a la póliza, no dependerá del pago que efectúe el asegurado en virtud de sentencia firme dictada contra él con motivo del suceso, ni dependerá de dicha sentencia."

Y el apartado 20.030 bajo el encabezamiento "Litigios contra Asegurado, Asegurador":—

"(1) La persona que sufriere los daños y perjuicios tendrá, a su opción, una acción directa contra el asegurador conforme a los términos y limitaciones de la póliza, acción que podrá ejercitar contra el asegurador solamente o contra éste y el asegurado conjuntamente. La responsabilidad del asegurador no excederá de aquella dispuesta en la póliza, y el tribunal deberá determinar no solamente la responsabilidad del asegurador, sí que también la cuantía de la pérdida. Cualquier acción incoada conforme a este artículo estará sujeta a las condiciones de la póliza o contrato y a las defensas que pudieran alegarse por el asegurador en acción directa instada por el asegurado.

"(2) Si el perjudicado entablara demanda contra el asegurado solamente, no se estimará por ello que se le prive, subrogándose en los derechos del asegurado con arreglo a la póliza, del derecho de sostener acción contra el asegurador y cobrarle luego de obtener sentencia firme contra el asegurado."

■ .Las anteriores disposiciones son aplicables en el caso de autos. Al desestimar la demanda la Sala sentenciadora fue del criterio que esta legislación no alteró en manera alguna el estado de derecho anterior en cuanto a la ausencia de responsabilidad directa e independiente del asegurador frente al perjudicado. Se basó en que si bien se autorizaba una acción directa contra el asegurador la misma se confería conforme a los términos y limitaciones de la póliza y sujeta a las condiciones de la póliza o contrato. No podemos estar de acuerdo con la Sala. En términos claros y precisos que no requieren interpretación el apartado 20.010 del nuevo Código de Seguros creó una responsabilidad sustantiva absoluta de parte del

asegurador hacia un perjudicado cuando ocurre una pérdida cubierta por la póliza de seguro, responsabilidad que no se hizo depender ni del pago que efectuare el asegurado en virtud de una sentencia contra él ni tampoco se hizo depender de que exista dicha sentencia. El apartado 20.030 usa un lenguaje muy similar al de la legislación de Lousiana a la cual nos referimos en el caso de *Pérez* como creadora de una responsabilidad sustantiva del asegurador directamente, a tono con la interpretación que en igual sentido los tribunales de ese Estado habían dado a dicha legislación. Precisamente, porque se creó una acción sustantiva separada directamente contra un asegurador a favor del tercero perjudicado, por razón, desde luego, del contrato de seguro, el Legislador impuso las reservas de lugar sujetando la acción con arreglo a la póliza y a sus defensas, que. es el contrato, de modo que por no estar encadenada la acción al asegurado, como antes era de rigor, al asegurador no pueda exigírsela en esa acción sustantiva contra él responsabilidad en forma y sustancia en extensión mayor de la que se hubiere impuesto contractualmente ni exigírsele responsabilidad por un acto cubierto por la póliza realizado por el asegurado sin culpa o negligencia de éste. Ese es el significado de los conceptos "conforme a los términos mismos y limitaciones de la póliza" y "sujeta a las condiciones de la póliza o contrato" usados en el apartado 20.030. No tenemos en el récord la póliza o contrato de seguro del caso de autos, pero estando intervenido por el Estado el contrato de seguro, por razón de interés público, ninguna disposición contractual negatoria de la responsabilidad absoluta y directa que el apartado 20.010 impone al asegurador tendría validez y eficacia. En lo que concierne a este tipo de seguro el apartado 20.010 está escrito por ley en toda póliza o contrato.

A pesar de que las disposiciones aludidas son claras y libres de ambigüedad en su expresión, por lo que no es necesario buscar la intención del Legislador fuera del propio texto, las expresiones que se vertieron mientras se consideraba

el Proyecto de Ley que pasó a ser el Código de Seguros no dejan lugar a dudas de cual era la intención y el propósito legislativo al adoptarse dichas disposiciones. En un Informe conjunto de las Comisiones de Hacienda y de lo Jurídico de la Cámara de Representantes, al referirse a enmiendas hechas por la Comisión de lo Jurídico sobre aspectos técnicos legales y procesales, se dice:

"Una cuestión esencial cubierta en una enmienda de la Comisión es la que crea la acción directa contra el asegurador por la persona que sufra los daños y perjuicios. Esto resulta ser una innovación básica en la legislación de seguros en Puerto Rico. Confiamos que, al consagrar en el estatuto una medida de esta importancia el Poder Judicial que la interprete, pueda comprender *los alcances de justicia sustancial* que la misma conlleva." (Énfasis suplido.) *Diario de Sesiones,* Vol. 8, Tomo 2, pág. 784.

Más adelante, en el curso de una exposición abarcadora de todo el Proyecto ante la Cámara en pleno, el Hon. Jorge Font Saldaña, Presidente entonces de la Comisión de Hacienda, se expresó así:

"Además, hay una disposición en el Código en la cual trabajó la Comisión de lo Jurídico y estoy seguro que los distinguidos compañeros con mucha mayor autoridad, ya que la mía es ninguna, simplemente yo hago una referencia a esa disposición que tiene que ver con *la demanda directa al asegurador* que, sin duda alguna, aclara una situación que ha sido muy confusa en Puerto Rico hasta ahora en esta clase de litigios." (Énfasis suplido.) *Diario de Sesiones,* id., pág. 797.

Y el Hon. Santiago Polanco Abreu, entonces Presidente de la Comisión de lo Jurídico, expresó:

"Me resta señalar que esperamos que este proyecto cumpla la función que nosotros queremos que cumpla. Confiamos que los tribunales de justicia de Puerto Rico, cuando hagan una interpretación de este proyecto, específicamente de algunas materias que van dirigidas a brindar a las personas que reciban daños el derecho legítimo a recibir resarcimiento *y a que no se les pueda tirar con una cuestión tipo técnico de seguros,* que los tribunales

de justicia, repito, entiendan bien cual ha sido la intención legislativa." (Énfasis suplido.) *Diario de Sesiones,* id. pág. 799.

Todo lo anterior carecería de sentido como carecería de sentido el texto mismo de los apartados 20.010 y 20.030 si dijéramos que se quiso dejar inalterado el estado de derecho de *Pérez, Landol* y casos anteriores.

También ha habido interpretación judicial de las disposiciones mencionadas. En *Bosco* v. *Firemen's Fund Ins. Co.,* 171 F.Supp. 432, el Hon. Clemente Ruiz Nazario de la Corte de los Estados Unidos para Puerto Rico, determinó que los apartados 20.010 y 20.030 creaban una causa de acción sustantiva y directa contra el asegurador bajo el contrato de seguro, en beneficio de un perjudicado, independiente de la causa de acción contra el asegurado productor del daño. [2]

Recientemente, el 14 de enero de 1965, la Corte de última instancia del Estado de Nueva York se pronunció en igual sentido, ante un problema de cuál debía ser la ley del foro aplicable en una acción tramitada en dicho Estado. *Oltarsh* v. *Aetna Insurance Company,* 256 N.Y.S.2d 577; 33 U.S.L. Week 2396. Según lo tomamos de esta cita, única referencia de la cual disponemos en este momento, se trataba de un daño ocurrido en Puerto Rico cubierto por una póliza de seguro otorgada en Puerto Rico, por un asegurador haciendo negocios aquí. La cuestión a determinar era si el Estado de Nueva

---

[2] A pesar de reconocer que este Tribunal había interpretado la enmienda de 1952 a la anterior Sec. 175 de la Ley de Seguros como una de tipo procesal, la Corte de Apelaciones del 1er. Circuito en *Aponte* v. *American Surety Company of New York,* 276 F.2d 678, un caso en que se demandó sólo a la aseguradora y fue trasladado a la Corte de Estados Unidos para Puerto Rico, de hecho aplicó con carácter sustantivo la legislación de 1952. Dijo: "La enmienda de 1952 altera los términos del contrato que definen la responsabilidad de la compañía de seguros eliminando el requisito de que haya sentencia fijando la responsabilidad del asegurado como una condición precedente. . . . El asegurado no es una parte indispensable de esta causa de acción ya que bajo la ley de Puerto Rico no es necesario una sentencia contra él". En este caso se había desestimado la acción por la Corte de Distrito en vista de que el asegurado, por diversidad de ciudadanía, no podía ser unido en dicho foro como codemandado con la aseguradora. 171 F.Supp. 677.

York podía aplicar y hacer efectivas en esa acción las disposiciones nuestras que autorizan la acción directa contra el asegurador.

Resolviendo el punto suscitado la Corte de Apelaciones consideró necesario determinar, en primer lugar, si el derecho de un perjudicado a demandar al asegurador directamente era de naturaleza "procesal" y, por ende, necesariamente regido por la ley del foro—en ese caso la ley de Nueva York —o si era un derecho "sustantivo" y, por tal razón, regido por las leyes de otro modo aplicables. Al hacer al asegurador inmediatamente responsable al ocurrir una pérdida cubierta, opinó la Corte de Apelaciones, el estatuto hizo algo más que sencillamente prescribir quiénes serían las partes apropiadas en litigios sobre contratos de seguro, y fue mucho más lejos que meramente ofrecer un atrecho de tipo procesal en favor de aquellos perjudicados por actos de personas aseguradas. Dicha legislación concediendo una acción directa trasciende el mero procedimiento. Por considerar que el derecho a demandar era sustantivo, la Corte de Apelaciones aplicó la ley de Puerto Rico en esa acción interpuesta en el Estado de Nueva York. Dispuso igualmente que el aplicar esas disposiciones sustantivas en el Estado de Nueva York no era contrario a la norma de dicho Estado al efecto de que no debe informársele al jurado la existencia de un seguro.

■ *Por las consideraciones expuestas y autoridades citadas, se revoca la sentencia que desestimó la demanda contra la recurrida The Travelers Insurance Co. bajo la teoría de que habiendo prescrito la acción contra el asegurado no había causa de acción alguna contra dicha recurrida como aseguradora, y se devuelven los autos a la Sala sentenciadora para que se vaya a los méritos del pleito y para cualesquiera otros procedimientos compatibles con lo aquí resuelto.*