Opinión disidente emitida por el
Juez Presidente Señor Hernández Denton.
Por entender que procede la desestimación de la de-manda de epígrafe por prescripción, disentimos de lo re-suelto por este Tribunal.
I
Los hechos más relevantes de este caso se detallan a continuación. La Sra. María G. Rivera Fernández sufrió una caída mientras caminaba por una acera del municipio de Carolina (Municipio) el 13 de noviembre de 2009. Vein-tiséis días después del accidente, la señora Rivera Fernán- *213 dez acudió a la alcaldía del Municipio en donde le proveye-ron un formulario titulado “Informe de Accidente”. En este, indicó su información personal, la naturaleza del acci-dente, la información de testigos y el tratamiento recibido hasta ese momento. No obstante, el informe no especifi-caba la cuantía o el remedio solicitado debido a que el for-mulario no tenía encasillados para proveer tal información.
El 21 de abril de 2010, el representante legal de la se-ñora Rivera Fernández envió una notificación al Municipio en la que detalló los hechos, la información de los testigos, el tratamiento recibido y la compensación solicitada. El 19 de agosto de 2010, el 15 de febrero de 2011 y el 30 de septiembre de 2011, envió otras comunicaciones a la ase-guradora del Municipio, Acosta Adjustment, Inc., con la misma información. Finalmente, el 27 de diciembre de 2011, la señora Rivera Fernández presentó la demanda de epígrafe.
El Municipio presentó ante el Tribunal de Primera Ins-tancia una moción para desestimar la demanda por falta de notificación y prescripción. Ese foro denegó la solicitud. De esa determinación, el Municipio recurrió al Tribunal de Apelaciones donde señaló que erró el foro primario al de-negar la moción, lo que implica que ese foro entendió que el Informe de Incidente en cuestión cumplió con el requisito de notificación previa y que la acción no está prescrita. Ese foro revocó al Tribunal de Primera Instancia y desestimó la demanda. Concluyó que, no habiendo cumplido el informe con los requisitos y no habiéndose emitido notificación al-guna en el término de noventa días, la señora Rivera Fer-nández no podía instar la reclamación judicial contra el Municipio. Añadió que, así resuelto, era innecesario discu-tir si en efecto el término prescriptivo fue o no inte-rrumpido.
De ese dictamen, la señora Rivera Fernández recurre ante nos. Esta trae como único señalamiento que el Tribu *214 nal de Apelaciones erró al resolver que no se cumplió con el requisito de notificación.
II
La opinión mayoritaria resuelve que se cumplió con el requisito de notificación previa en el término de noventa días. Estamos de acuerdo. No obstante, consideramos que son innecesarias e incorrectas en derecho las expresiones de que es a partir de 16 de abril de 2010, cinco meses después de la caída, que la peticionaria conoce los daños sufridos. Por esa razón, este Tribunal resuelve que la se-gunda notificación hecha por la representación legal de la peticionaria al Municipio también fue hecha conforme a derecho y dentro del término de noventa días. La conclusión de que el conocimiento del daño se adquiere cuando se conoce la magnitud del daño ha sido rechazada por este Tribunal. Véanse: Vera v. Dr. Bravo, 161 DPR 308 (2004); Ortiz v. Municipio de Orocovis, 113 DPR 484 (1982). Para efectos de la prescripción, el término comienza desde que se conoce el daño aunque se desconozca su magnitud. Vera Morales v. Dr. Bravo, supra, pág. 325.
Por otro lado, entendemos que es necesario resolver si la acción está prescrita para saber si el foro primario tiene jurisdicción.
La señora Rivera Fernández sufrió el accidente el 13 de noviembre de 2009 y 26 días después presentó el Informe del Incidente. Luego, su representante legal envió una no-tificación al Municipio el 21 de abril de 2010. En esta, detalló los hechos, la información de los testigos, el tratamiento recibido y la compensación solicitada. A partir de esa notificación, el 19 de agosto de 2010, el 15 de febrero de 2011 y el 30 de septiembre de 2011, la señora Rivera Fer-nández envió cartas a la aseguradora del Municipio, Acosta Adjustment, Inc., en las que incluyó la misma información que en la notificación. La demanda fue presentada el 27 de diciembre de 2011.
*215 Ciertamente, la carta remitida al Municipio y las cartas enviadas a la aseguradora sirven como reclamaciones extrajudiciales que interrumpen el término prescriptivo. Véanse: Art. 1873 del Código Civil, 31 LPRA sec. 5303, y Zambrana Maldonado v. E.L.A., 129 DPR 740 (1992). Ahora bien, para determinar si la acción está prescrita era necesario que este Tribunal resolviera si la reclamación extrajudicial dirigida a un asegurador interrumpe el tér-mino en cuanto al asegurado.
Sabemos que la señora Rivera Fernández puede presentar una acción sustantiva y directa contra el asegurador bajo el contrato de seguros, independiente de la causa de acción contra el asegurado, productor del daño. Trigo v. The Travelers Ins. Co., 91 DPR 868, 877 (1965). Por ello, entendemos que la reclamación extrajudicial hecha al asegurador no interrumpe el término para el asegurado.
En el caso de autos, la demanda se presentó más de un año después de la última notificación —y reclamación extrajudicial— hecha al Municipio, por lo que la demanda está prescrita.
III
Por todo lo anterior, disentimos de lo resuelto por una mayoría de este Tribunal y, en su lugar, hubiéramos con-firmado la desestimación de la demanda de epígrafe por prescripción.