Higinio APONTE and Hercilia Rivera, on their own behalf and representing their minor son Jose Higinio Aponte, Plaintiffs,

v.

AMERICAN SURETY COMPANY OF NEW YORK, represented by Inter American Insurance Agency, Inc., Defendant.

Civ. No. 77–58.

United States District Court
D. Puerto Rico,
San Juan Division.
March 31, 1959.

Hector Lugo Bougal, Carlos J. Irizarry Yunque, Efrain Goglas Carvajal, Ponce, P. R., for plaintiffs.

Alberto Pico, San Juan, P. R., for defendant.

RUIZ-NAZARIO, District Judge.

This action came on for trial on the merits on November 10, 1958 and oral and documentary evidence was adduced by both parties. The Court, from the bench, ordered the dismissal of the second cause of action of the complaint in reference to plaintiffs Higinio Aponte and his wife Hercilia Rivera.

As regards the other plaintiff, the minor Jose Higinio Aponte, the court took the case under submission exclusively for considering and deciding said plaintiff's contention that the doctrine of attractive nuisance applies to his claim and that thereunder he is entitled to judgment against defendant.

The parties were requested to file memoranda of law on this question.

The memoranda were timely filed and the court has been for some time giving thoughtful consideration to this question in order to render a final decision thereon.

However, while engaged in this study, my attention has been drawn to a vital question of law which must take precedence over all other questions under sub-

mission, inasmuch as it affects the very right of action of the plaintiffs against the defendant in this court.

It is alleged in the complaint, paragraph 11 of the first cause of action, that on the date of the accident, Miguel Angel Sastre (who is not a party herein), owner of the farm on which the accident took place and of the grass cutting machine which allegedly caused the accident, was insured with the only defendant herein, American Surety Company of New York, to answer for damages such as the ones alleged in this complaint.

The defendant, in its answer to said first cause of action, paragraph 2, denies each and every allegation in paragraphs (2) to (11) of the first cause of action.

In Interrogatory No. 4 of the interrogatories propounded by the plaintiffs to the defendant, filed March 17, 1958, they ask defendant:

"Why do you deny in your answer to the complaint the facts alleged in paragraph eleven of the first cause of action? Please explain".

In paragraph 4 of defendant's answer to said interrogatories filed May 21, 1958, it is stated:

"4) Because the policy does not cover the damages referred to in the complaint *unless the insured shall become legally obligated to pay them*, in other words, *unless legal responsibility* for those damages is proven. The *policy* is not an accident policy, but a *liability policy*". (Emphasis supplied.)

By Interrogatories Nos. 2 and 3 of the plaintiffs' interrogatories of March 17, 1958 defendant was requested to furnish plaintiffs certain information about as well as a true copy of the policy issued by defendant in this case.

In paragraphs 2 and 3 of defendant's answer to Interrogatories Nos. 2 and 3 the defendant states that a certified copy of said policy is attached thereto. A copy of the policy was attached to that answer, as stated by defendant and was later offered in evidence by the plaintiffs at the trial, without any objection from the defendant, and admitted by the court and marked Exhibit 2 Plaintiff.

Condition No. 13 of the General Conditions of said policy, reads as follows:

"Action Against Company. No action shall lie against the company unless as a condition precedent thereto, the insured shall have fully complied with all of the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.

"Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the company as a co-defendant in any action against the insured to determine the insured's liability.

"Bankruptcy or insolvency of the insured or of the insured's estate shall not relieve the company of any of its obligations hereunder".

■ Although former Section 175 of the Insurance Law, as amended, now Section 20.030 of the Insurance Code of Puerto Rico (Title 26 L.P.R.A. § 2003), permits a direct action to be brought against the insurer in the Courts of the Commonwealth of Puerto Rico, by any person who has suffered damages on account of the tortious conduct of the insured, without the necessity of joining the latter, such statute is not applicable in this federal court under Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L.Ed. 1188, unless it is found to have created a substantive right as differentiated from a mere procedural device.

See: Lumbermen's Mut. Cas. Co. v. Elbert, 348 U.S. 48, 75 S.Ct. 151, 99 L. Ed. 59.

■ In this respect the characterization of a certain Commonwealth Statute, by the Courts of the Commonwealth of Puerto Rico, as creating a substantive right instead of being a mere procedural device or vice versa, is binding on this court. Lumbermen's Mut. Cas. Co. v. Elbert, supra.

Thus, if Sec. 175 of the Insurance Law, as amended, now Sec. 20.030 of the Insurance Code of Puerto Rico (Title 26 L.P.R.A. § 2003), had been characterized as substantive law by the Supreme Court of the Commonwealth, then there would be no problem and the present action would be maintainable here without more.

But it just happens that the Supreme Court of Puerto Rico has consistently held that the aforesaid statute is a mere procedural device. See: Water Resources Authority v. Irizarry, 72 P.R.R. 601; Perez v. Maryland Casualty Co., 78 P.R.R. 453; Landol v. Colon, 78 P.R.R. 572.

Therefore, this court is bound to follow said characterization and to hold that the statute does not apply to actions before this court, as to which it must apply federal procedural rules.

As the defendant has denied direct liability to plaintiffs under the no action condition of the policy (Condition 13, quoted supra), this action cannot prosper here, under federal procedure, because of the absence of an indispensable party, the insured.

■ The defense has been adequately raised by defendant in Par. 2 of its answer to the first cause of action, under which it denies, among others, the allegations of paragraph 11 of the first cause of action of the complaint which imputes defendant's direct liability to the plaintiffs under the insurance policy, and further by its answers Nos. 2, 3 and 4 to plaintiffs' interrogatories Nos. 2, 3 and 4, on the basis of condition No. 13 of the policy attached to said answer to the interrogatories and which has been

received in evidence as Exhibit 2 Plaintiff. See: Rule 12(b), F.R.Civ.P. 28 U.S. C.A.

And said defense cannot be deemed to have been waived by the defendant and has to be considered by the Court at any stage of the proceedings. See Rule 12(h), F.R.C.P.

This court's decision of March 18, 1959 in Bosco v. Firemen's Fund Insurance Co., 171 F.Supp. 432, is in no way in conflict with the present holding.

■ The holding in those cases was based on the state of the law on March 2, 1958, when the accident involved therein occurred. By then the Legislature of the Commonwealth of Puerto Rico had already enacted the Insurance Code of Puerto Rico (26 L.P.R.A. § 101 et seq.), which became effective on January 1, 1958 (26 L.P.R.A. note to Sec. 101). Sec. 20.010 of the Insurance Code (26 L.P.R.A. § 2001) provided that the insurer in policies such as the ones involved in the said cases (which were analogous to Exh. 2 Pl. herein) shall become "absolutely liable whenever a loss covered by the policy occurs, and payment of such loss by the insurer to the extent of its liability therefor under the policy shall not depend upon payment by the insured of or upon any final judgment against him arising out of such occurrence". Thus, under the quoted section, the insurer may not invoke a no action clause or condition of the policy, such as condition 13 of the policy herein, quoted supra, in any action for damages brought directly against it in consequence of any accident occurring *on or after January 1, 1958*, effective date of the Insurance Code. The section had the legal effect of creating a new and independent direct action against the insurer, *substantive* in nature, to which the former decisions of the Supreme Court of Puerto Rico in Water Resources Authority v. Irizarry, supra, Perez v. Maryland Casualty Co., supra and Landol v. Colon, supra, characterizing the former direct action created under Sec. 175 of the Insurance Law of Puerto Rico, as amended, now Sec. 20.030 of the Insur-

ance Code of Puerto Rico (26 L.P.R.A. § 2003) as a mere procedural device, could no longer apply. Consequently this court, there, had to apply the new Section 20.010 (26 L.P.R.A. § 2001) and deny defendant's motions to dismiss.

But, here, the accident occurred on September 8, 1957, over three months before Sec. 20.010 of the Insurance Code (26 L.P.R.A. § 2001) became effective, and the court is, therefore, bound to apply the law as it was and as it had been declared to be by the Supreme Court of Puerto Rico in the cases cited supra, as of the time of the occurrence of the accident.

September 8, 1957, date on which the accident occurred, was the date of accrual of whatever action plaintiffs would then have against the defendant. As Sec. 20.010 of the Insurance Code of Puerto Rico (26 L.P.R.A. § 2001) was not yet in effect, no action under it could ever accrue in favor of plaintiffs unless the section could be lawfully considered as having retroactive effect to that date. As the section is one creating a substantive right it cannot be construed as having retroactive effect unless it or the Insurance Code of Puerto Rico expressly provide this. Neither the section nor the code contain any such express or even any implied provision for retroactivity. Indeed, by providing in Sec. 41.-020 that the Code (which was approved by Act No. 77 of June 19, 1957) 26 L.P.R.A. § 101 note "shall take effect on the first day of the month next following expiration of six months after its approval," the Legislature unequivocally expressed its intention that the statute only operate prospectively.

As Miguel Angel Sastre, the insured, is an indispensable party, without whose presence no action would lie against the defendant and as the joinder of said insured, who is a citizen and resident of Puerto Rico, would defeat the jurisdiction of the court in this action, the same must be, and it is hereby ordered dismissed.