JUAN TRIGO, Plaintiff and Appellant, *v.* THE TRAVELERS INSURANCE COMPANY, Defendant and Appellee.

No. R-64-143.     Decided March 11, 1965.

*Álvaro R. Calderón, Jr.,* for appellant. Appellee did not appear.

Division composed of Mr. Acting Chief Justice Pérez Pimentel, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

Appellant brought an action for damages against The Travelers Insurance Co. for injuries suffered upon being

run over by a motor vehicle. It was alleged that the accident occurred on December 22, 1962 and the complaint was filed in the Superior Court, San Juan Part, on March 5, 1964. In the sixth paragraph of the complaint appellant stated that he had made extrajudicial claims to recover the damages, and that he had made the last claim from defendant, The Travelers Insurance Company, on October 9, 1963. If we take into consideration this date, a year had not elapsed when the complaint was filed.

Travelers presented a motion to dismiss the complaint because the cause of action had prescribed. It stated that although it was alleged therein that plaintiff had taken extrajudicial steps "with defendant," said extrajudicial steps had been taken only with it, the insurance company, and that the complaint failed to allege that extrajudicial claims had been made to the insured himself. It argued that, as an insurance company, it was not liable at law if the assured was not, and that since the action had prescribed as to the latter, there was no cause of action against the Company. It invoked the case of *Cruz* v. *González*, 66 P.R.R. 203 (1946).

The preceding question of law having been discussed with a view to a stipulation of the parties in the sense that, as a question of true fact, plaintiff had never made any claim whatsoever from the assured, and that the extrajudicial claims had been made only from the defendant insurance company, the trial court rendered judgment dismissing the complaint.

In *Cruz* v. *González*, *supra*, invoked by defendant, appellee herein, a similar question was raised. A claim was raised jointly against the insurer and the assured after one year had elapsed since the accident. Plaintiff therein had made extrajudicial claims only against the insurer. The complaint was dismissed because it had prescribed. In view of her contention that she was the insurer's creditor pursuant to

§ 175 of the Insurance Law then in force, under which a claim could be filed jointly against the insurer and the assured, we said that assuming that she was the insurer's creditor and that her extrajudicial claim had interrupted the period of prescription as against the insurance company, the action had prescribed as against the assured and, therefore, similarly as against the insurer, which is liable only if the assured is. We also stated that only in case of solidary obligations a claim made against one debtor prejudices another pursuant to § 1874 of the Civil Code (1930 ed.), and the complaint failed to allege that the insurer bound itself to pay for damages to third persons jointly with the assured. Finally we held that even if the action was interrupted insofar as the insurance company was concerned, it did not prejudice the assured and, the action against the assured having prescribed, there was no *cause of action* against the insurer since pursuant to law the latter is liable only if the former is.[1]

Later, in *United States Casualty Co.* v. *District Court,* 66 P.R.R. 884 (1947) we passed on a complaint filed against the insurer only—as in this case—which moved for its dismissal for lack of cause of action, on the ground that its liability was dependent upon the liability of the assured. We reversed the decision of the trial court which denied the

---

[1] Section 175 of the Insurance Law, Act No. 66 of 1921, as said section was amended in 1929, provided:

"Any clause in an insurance contract depriving the insured of his right to claim in the courts of justice, at any time after the occurrence of the accident against which the insurance was made, the amount of any loss suffered and which has been the object of such insurance shall be illegal. When the person causing the damage is insured against the accident which caused the loss or damage, and in the case where the insurance policy was issued in favor of a third person, the action to claim such indemnity as may be proper may be presented jointly against the insured person and the insuring company. The court shall determine not only the liability of the company, but also the amount of the loss."

The amendment made by Act No. 19 of 1929 consisted in the insertion of the second sentence.

motion for dismissal, and we said that in order that plaintiff may obtain a judgment against the insurance company and in order that the complaint should set up a *cause of action* against the insurer it was necessary (a) that the plaintiff must have obtained a definitive judgment against the assured or, (b) the assured should have been joined as defendant with the insurance company pursuant to the aforesaid § 175 of the Insurance Law. We explained the scope of § 175 to the effect that by providing that the assured and the insurer should be joined as defendants this section did not create any right of action against the insurer which did not previously exist; and its purpose was only to avoid two suits: One against the assured and, after a successful termination thereof, another one against the insurance company. However, considering that the complaint in that case could be amended by joining the assured as a party defendant, in reversing and sustaining the motion for dismissal we granted plaintiff leave to file an amended complaint.

In *Bithorn* v. *Santana*, 68 P.R.R. 281 (1948) decided shortly thereafter, the complaint was filed to recover damages also against the insurance company alone, as here. The trial court granted a motion to dismiss for lack of *cause of action* following the rule laid down in the preceding case of *United States Casualty Company*. It granted plaintiff leave to file an amended complaint, joining the assured as codefendant. The assured was included in an amended complaint filed one year after the accident. Defendant moved to dismiss the amended complaint on the ground that the action had prescribed to which the trial court agreed. We ratified the ruling that a complaint against the insurer alone adduced a *cause of action* where a final judgment has been previously obtained against the assured, and as to the amended complaint in which the assured already appeared as a defendant, we followed the rule laid down in *Cruz* v. *Gonzá-*

*lez,* to the effect that the liability of the insurer being contingent upon the liability of the assured, the action having prescribed as against the latter, there was no *cause of action* against the former. We affirmed the judgment which also dismissed the amended complaint after holding, as a question of fact, that the limitation period had not been interrupted by any extrajudicial claim addressed to the insurer therein.

See *Guerra* v. *Ortiz,* 71 P.R.R. 574, 584 (1950) and *Water Resources Authority* v. *Irizarry,* 72 P.R.R. 601, 606 *et seq.* (1951), where in an action of attachment of a jurisdictional nature we reaffirmed (at p. 607) that the liability of the insurer does not accrue until the liability of the assured is first established. Consequently, until said liability has been proved, without reference to the insurer, the latter owed nothing to the assured, nor was there any property belonging to the assured which could be attached by plaintiff, for the purposes of submitting it to the jurisdiction of our courts. The *Irizarry* case was decided June 8, 1951.

A study of the decisions aforementioned shows the frustrations of the prejudiced parties, due to legal technicisms and construction, in trying to reach the liability of insurance companies in cases of accidents. If for any reason the prejudiced party did not have access to the assured because of his absence or because he was out of the jurisdiction, as in the *Irizarry* case, or if for any other reason the action had prescribed against the assured while he was engaged in taking steps with the insurer in the belief that the insurer was the person with whom he had to settle the matter, his claim failed. Unquestionably, the Legislature was aware of this situation since in the next ordinary session after the decision in *Irizarry,* § 175 of the former Insurance Law was amended by Act No. 60 of April 17, 1952 to provide that an action to claim compensation may be "presented against the insurance company only, or jointly

against the insured person and the insurance company." The decision in *Irizarry* itself suggested legislative action to put an end to a situation which was unfair to the prejudiced party and very advantageous for the insurance companies.

The 1952 amendment of § 175 was construed in *Pérez v. Maryland Casualty Co.*, 78 P.R.R. 453, which we decided on June 30, 1955. Different from what appeared to be the effect of the aforesaid amendment in permitting now an action against the insurer only, we held in *Pérez* that said change was of a procedural nature, but there was nothing in the amendatory language or in its legislative history to suggest that the Legislative Assembly meant to go further and to create, as in Louisiana, "a separate and distinct cause of action against the insurer" different from the cause of action against the tortfeasor, whether the latter be sued alone or together with the insurer; and that the Legislative Assembly left the nature of the insurer's liability unchanged; it was still contingent on a finding of liability of the assured. (78 P.R.R. 457–458.) See *Landol v. Colón*, 78 P.R.R. 572 (1955). Thus construed, the legislation of 1952 did not greatly improve the situation which it aimed to correct.

Such was the state of the law laid down by this Court when the Insurance Code of Puerto Rico now in force was discussed and approved, Act No. 77 of June 19, 1957. 26 L.P.R.A. 1958 ed., § 20.010 of said Code under the heading "Liability insurer's liability absolute," provides:

"The insurer issuing a policy insuring any person against loss or damage through legal liability for the bodily injury, death, or damage to property of a third person, shall become absolutely liable whenever a loss covered by the policy occurs, and payment of such loss by the insurer to the extent of its liability therefor under the policy shall not depend upon payment by the insured of or upon any final judgment against him arising out of such occurrence."

And § 20.030 under the heading "Suits against insured, insurer":—

"(1) Any individual sustaining damages and losses shall have, at his option, a direct action against the insurer under the terms and limitations of the policy, which action he may exercise against the insurer only or against the insurer and the insured jointly. The liability of the insurer shall not exceed that provided for in the policy, and the court shall determine, not only the liability of the insurer, but also the amount of the loss. Any action brought under this section shall be subject to the conditions of the policy or contract and to the defenses that may be pleaded by the insurer to the direct action instituted by the insured.

"(2) If the plaintiff in such an action brings suit against the insured alone, such shall not be deemed to deprive him of the right, by subrogation to the rights of the insured under the policy, to maintain action against and recover from the insurer after securing final judgment against the insured."

■ The preceding provisions are applicable to the case at bar. In dismissing the complaint the trial court was of the opinion that this legislation did not alter in any manner whatsoever the former state of the law as to the absence of direct and independent liability of the insurer with respect to the prejudiced party. It based its opinion on the fact that although a direct action was authorized against the insurer, the same was granted under the terms and limitations of the policy and subject to the conditions of the policy or contract. We cannot agree with the trial court. In clear and precise terms which require no construction, § 20.010 of the new Insurance Code established a substantive and absolute liability on the part of the insurer towards the prejudiced party whenever there was a loss covered by the policy, which responsibility was not to depend either upon payment by the insured by virtue of a judgment against him, or upon any final judgment against him. Section 20.030 uses a language very similar to that of the

Louisiana legislation, to which we referred in the *Pérez* case, as creating a substantive liability directly against the insurer, in accordance with the construction that, in the same sense, the courts of that state had given to said legislation. Precisely, because a separate substantive action was created directly against an insurer and in favor of the injured third person, by reason, of course, of the insurance contract, the lawmaker imposed the pertinent saving clauses subjecting the action to the conditions of the policy and its defenses, which is the contract, so that since the action is not handcuffed to the assured, as was previously the case, the insurer may not be found liable in said substantive action against him in form or substance to a greater degree than he would have been contractually, nor would he be liable for an act covered by the policy which the assured might have executed without his fault or negligence. That is the meaning of the concept "under the terms and limitations of the policy" and "subject to the conditions of the policy or contract" used in § 20.030. The policy or insurance contract of the case at bar does not appear in the record, but since it is controlled by the state for reasons of public interests, no negative contractual provisions on the absolute and direct liability imposed by § 20.010 on the insurer would be valid and effective. Concerning this type of insurance § 20.010 is copied by law in every policy or contract.

Notwithstanding the fact that the aforesaid provisions are in clear and unambiguous language, for which reason it is not necessary to search for the intent of the lawmaker outside the text itself, the statements made while the Bill which later became the Insurance Code was considered leave no doubt as to which was the intent and purpose of the lawmaker in adopting said provisions. In a joint report of the Treasury and Judiciary Committees of the House, upon referring to amendments made by the Judiciary Committee on technico-legal and procedural aspects, it is said:

"An essential question covered by an amendment of the Committee is that which creates the direct action against the insurer by the person who suffers the damages. This is a basic innovation in the insurance legislation in Puerto Rico. We trust that, in sanctioning in the statute such an important measure, the Judicial Power called upon to construe it may understand *the scope of substantial justice* involved therein." (Italics ours.) 8-2 Journal of Proceedings 784.

Further on, in the course of an all-embracing exposition of the Bill before a joint session of the House, Mr. Jorge Font Saldaña, Chairman of the Treasury Committee at that time, stated the following:

"Furthermore, there is a provision in the Code on which the Judiciary Committee worked, and I am sure that my distinguished colleagues with greater authority, since I have none, I simply refer to that provision which concerns *the direct complaint against the insurer*, that undoubtedly they explain a situation which has been very confusing in Puerto Rico up to now, in said kind of litigations." (Italics ours.) Journal of Proceedings, *id.* at p. 797.

And Mr. Santiago Polanco Abreü, Chairman of the Judiciary Committee at that time, stated:

"I must add that we hope that this Bill will attain the purpose which we have meant it to attain. We hope the courts of justice of Puerto Rico, when construing this Bill, specifically, on some matters which are intended to offer persons suffering damages the right to receive compensation *and to avoid their being deceived with an insurance technicality*, that the courts of justice, I repeat, shall understand the legislative intent." (Italics ours.) Journal of Proceedings, *id.* at p. 799.

All the foregoing would make no sense nor would the text itself of §§ 20.010 and 20.030 have any sense if we would maintain that the state of the law in *Pérez, Landol* and other previous cases, was intended to remain unaltered.

Said provisions have also been judicially construed. In *Bosco* v. *Firemen's Fund Insurance Co.*, 171 F.Supp. 432,

Judge Clemente Ruiz Nazario of the United States District Court for the District of Puerto Rico, decided that §§ 20.010 and 20.030 created a substantive and direct right of action against the insurer under the insurance contract for the benefit of a prejudiced party, independent from the cause of action, against the tort-feasor assured.[2]

Recently, on January 14, 1965, the New York Court of Appeals took the same view on the question as to which should be the law of the Forum applicable in an action instituted in said state. *Oltarsh* v. *Aetna Ins. Co.*, 256 N.Y.S.2d 577, 33 U.S.L. Week 2396. As taken from said citation, the only reference available to us at this moment, the case involved an injury which occurred in Puerto Rico within the coverage of an insurance policy issued in Puerto Rico by an insurance company doing business here. The question for decision was whether the State of New York could apply and enforce in that action our provision authorizing the direct action against the insurer.

Deciding the point raised the Court of Appeals found it necessary to decide, in the first place, whether the right of claimant to sue the insurer directly was of a "procedural" nature and, hence, necessarily governed by the law of the forum—in that case the law of New York—or "substantive"

---

[2] Although it recognized that this Court had construed the amendment of 1952 to § 175 of the Insurance Law as being of a procedural nature, the United States Court of Appeals for the First Circuit in *Aponte* v. *American Surety Company of New York*, 276 F.2d 678, a case in which only the insurer was sued and which was removed to the United States District Court for the District of Puerto Rico, actually applied the legislation of 1952 with substantive character. It said: "The 1952 amendment alters the contract term defining the insurance company's liability by dispensing with the requirement that a judgment of the liability of the insured be obtained as a condition precedent. . . . The insured is not an indispensable party to this cause of action, since no judgment against him is necessary under Puerto Rico Law . . . ." In this case the action had been dismissed by the District Court in view of the fact that the insured could not be joined in said forum as codefendant with the insurer on the basis of diversity of citizenship. 171 F.Supp. 677.

and, by reason thereof, governed by the otherwise applicable law. The Court of Appeals was of the opinion that, by making the insurer immediately liable whenever a covered loss occurs, the statute did more than simply prescribe the proper parties to suits involving insurance contracts and went far beyond merely providing a procedural short cut for those injured by insured tort-feasors. Such direct action legislation transcends mere procedure. Considering that the right to sue was substantive, the Court of Appeals applied the law of Puerto Rico in that issue interposed in the State of New York. It likewise held that to apply said substantive provisions to the effect of precluding the disclosure of insurance to the jury in the State of New York was not contrary to the rule of said state.

■ For the reasons stated and cases cited, the judgment dismissing the complaint against appellee The Travelers Insurance Co. under the theory that the action against the assured having prescribed, there was no cause of action against said appellee as insurer, will be reversed, and the record will be remanded to the trial court to decide the case on the merits and for any further proceedings consistent with this opinion.