Ruben Otero BOSCO, Plaintiff,

v.

FIREMEN'S FUND INSURANCE COMPANY, Defendant.

Luis Jove MARTINEZ and Elba Otero et al., Plaintiffs,

v.

FIREMEN'S FUND INSURANCE COMPANY, Defendant.

Isabel Bosco Vda. DE OTERO, Plaintiff,

v.

FIREMEN'S FUND INSURANCE COMPANY, Defendant.

Civ. Nos. 337-58, 338-58, 339-58.

United States District Court
D. Puerto Rico,
San Juan Division.

March 23, 1959.

F. Fernandez Cuyar, San Juan, P. R., for plaintiffs.

Alberto Pico and Jose A. Suro, San Juan, P. R., for defendant.

RUIZ-NAZARIO, District Judge.

These three consolidated actions are now before the Court on motions to dismiss filed by the defendant Firemen's Fund Insurance Company based on the ground that the complaints fail to state claims upon which relief can be granted.

In support of said motions defendant has submitted a certified copy of the insurance policy issued to Frank Dernier on which said defendant's liability in the action is allegedly based.

The motions came up for hearing before the Court on January 9, 1959. Argument was heard and it was stipulated that the policy be considered by the court in connection with the motions. Defendant has further submitted a memorandum in support of its position thereon.

It is defendant's contention:

1. That although under Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, this court is bound to follow and apply the substantive law of the Commonwealth of Puerto Rico where it is located, it nevertheless is not bound to apply the procedural rules thereof but must apply its own (the federal) procedural rules.

2. That the characterization of a certain Commonwealth statute, by the Courts of the Commonwealth of Puerto Rico, as creating a substantive right instead of being a mere procedural device or vice versa, is binding on this court.

3. That a direct action statute permitting any person who has suffered damages on account of the tortious conduct of an insured, to sue the insurer directly, with or without joining the assured, if characterized by the courts of the State as creating a substantive right entitles such individual, diversity jurisdiction being present, to sue the insurer directly in this court without joining the insured, the insurer being thus precluded from invoking the no action clause or condition of the policy. But that if such direct action statute is characterized as a mere procedural device by the courts of the Commonwealth then any action thereon brought in this court by the injured person directly against the insurer, diversity jurisdiction being present, must be dismissed if the insurer invokes the no action clause or condition of the policy. See: Lumbermen's Mut. Cas. Co. v. Elbert, 348 U.S. 48, 75 S.Ct. 151, 99 L.Ed. 59.

4. That Sec. 20.030 of the Insurance Code of Puerto Rico, (Title 26 L.P.R.A. § 2003) was characterized by the Supreme Court of the Commonwealth of Puerto Rico, up to and including the year 1955, as a direct action statute, not creating substantively, a separate and distinct cause of action against the insurer but merely providing a new procedural device.

The court fully agrees with the above contentions of defendant. But defendant further contends that these actions were exclusively brought under the aforesaid Sec. 20.030 of the Insurance Code of Puerto Rico (Title 26 L.P.R.A. § 2003) and that on the basis of the above accepted contentions, and the no action clause or condition of its policy, the complaints must be dismissed because they fail to state claims upon which relief can be granted against it and in favor of the respective plaintiffs, absent a prior "final determination either by judgment against the insured, after actual trial or by written agreement of the insured, the claimant and the company", as required in said no action clause or condition of the policy.

In this, the court does not agree with the defendant.

Under the complaints herein, the accident on which these actions are based occurred on March 2, 1958. The actions were filed in this court on November 6, 1958.

At the time of said occurrence Sec. 20.010 of the Insurance Code of Puerto Rico (26 L.P.R.A. § 2001) was in effect.

Said Section reads as follows:

"The insurer issuing a policy insuring any person against loss or damage through legal liability for the bodily injury, death, or damage to property of a third person, shall become absolutely liable whenever a loss covered by the policy occurs, and payment of such loss by the insurer to the extent of its liability therefor under the policy shall not depend upon payment by the insured of or upon any final judgment against him arising out of such occurrence.—Ins. Code § 20.010".

The Supreme Court of the Commonwealth has not yet passed on the question whether this section read in conjunction with Sec. 20.030 of the Insurance Code (26 L.P.R.A. § 2003) supra, converted the direct action created by the latter into a separate and distinct right of action, substantive in nature, against the insurer.

It is to be doubted, however, that the Supreme Court of the Commonwealth may, in view of the above quoted Section, characterize the action any longer as a mere procedural device.

Indeed, by adopting said section, the Legislature of the Commonwealth no doubt took into consideration the suggestion of the Supreme Court of Puerto Rico in Water Resources Authority v. Irizarry, 72 P.R.R. 601 at p. 608, in the sense that "perhaps the Legislature should amend Sec. 175" (now Sec. 20.030 of the Insurance Code of P.R.)" to permit suit against insurance companies alone *under these circumstances*", as well as the language of its later opinion in Perez v. Maryland Casualty Co., 78 P.R.R. 453 at p. 457, and amended the statute "to create, as in Louisiana, a separate and distinct cause of action against the insurer, different from the cause of action against either the tort-feasor alone or together with the insurer"; and this is what, precisely, the Legislature unequivocally did when it adopted the quoted section.

The court, must, therefore, hold that the Commonwealth's statute in force when the accident herein occurred (Sections 20.010 and 20.030 of the Insurance Code of Puerto Rico—26 L.P.R.A. §§ 2001 and 2003) creates a separate and distinct right of action, substantive in nature, like that of Louisiana involved in Lumbermen's Mut. Cas. Co. v. Elbert, supra.

Defendant's motions to dismiss must be, as they are hereby denied.