Gustavo A. SANTIAGO, Plaintiff,

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY,**
Defendant.

Civ. No. 331–59.

United States District Court
D. Puerto Rico,
San Juan Division.

June 6, 1960.

Golenbock & Nachman, Stanley L. Feldstein, San Juan, P. R., for plaintiff.

Juan Enrique Geigel, Guillermo Silva, Jaime A. Garcia, Blanco and Hernan Pesquera, San Juan, P. R., for defendant.

RUIZ-NAZARIO, District Judge.

Defendant insurer has moved to dismiss this action alleging that after the same was filed in this court plaintiff filed another action, based on the same accident, in the Superior Court of Puerto Rico, San Juan Section, claiming damages against the assured Jorge L. Car-

rera Giral and Julio Agrait, as defendants; or, in the alternative, to direct plaintiff to exercise before the Court of the Commonwealth of Puerto Rico whatever causes of action he may have as a result of the accident complained of.

■ This motion should be denied.

From the allegations of the complaint it appears that this Court has jurisdiction of the action under Section 1332, Title 28 U.S.C.A.

■ It has been brought against the insurer pursuant to the "direct action" statute of the Commonwealth of Puerto Rico, Title 26 L.P.R.A. Sections 2001 and 2003 and is cognizable in this court as I decided in Bosco v. Firemen's Fund Insurance Company, D.C.Puerto Rico, 171 F.Supp. 432.

Even if the accident had occurred and the action been brought under Sec. 175 of the Insurance Law of Puerto Rico (Title 26 L.P.R.A. Sec. 2003), prior to the adoption of Sec. 2001, Title 26 L.P.R.A. the action would have been cognizable here.

See: Aponte et al. v. American Surety Co., etc., 1 Cir., 276 F.2d 678.

■ There is no merit in defendant's other request that this court decline its jurisdiction in this action and remit the parties to the courts of the Commonwealth of Puerto Rico, simply because plaintiff, after its complaint here, against the insurer, may have brought an action against the insured and against the owner of the car he was driving in the Superior Court of Puerto Rico, San Juan Section.

Defendant has cited no law or decision holding that a federal court has power to surrender its jurisdiction over an action in favor of the state courts under such circumstances.

Defendant's motion must be, therefore, denied in its entirety.

It is so ordered.