**Tomas Alvarado SABATER, for himself and as the heir of Tomas Alvarado, et al., Plaintiffs,**

v.

**ST. PAUL FIRE AND MARINE INSUR-ANCE COMPANY, Defendant.**

**Civ. No. 426-62.**

United States District Court
D. Puerto Rico,
San Juan Division.

April 19, 1963.

Nachman & Feldstein, San Juan, P. R., for plaintiffs.

Rivera-Cestero & Rua and C. Romero Barcelo, San Juan, P. R., for defendant.

RUIZ-NAZARIO, Chief Judge.

This action is now before the Court on plaintiffs' motion, under Rule 12(f) of the F.R.Civ.P. filed on December 28, 1962 and requesting that the affirmative defenses 1 to 4 alleged in defendant's answer filed December 19, 1962 be stricken therefrom on the ground that the same are insufficient in law.

Oral argument on the motion was heard on January 4, 1963. Plaintiffs also filed a written memorandum thereon and defendant was given a period of 20 days to submit its reply thereto, which was filed on March 1, 1963. On April 5, 1963 the plaintiffs submitted an additional citation in support of their position.

The Court is now duly advised in the premises and it is its considered opinion

that plaintiffs' position is well taken and that their motion to strike must be granted in full.

It is true that under the decisions of the Supreme Court of the Commonwealth of Puerto Rico, starting with Marrero v. Lopez, et al., 15 P.R.R. 746 to its most recent deliverance in Gonzalez v. Compañia Agricola, 76 P.R.R. 373, the law in the Commonwealth is to the effect that the master is not liable, under the doctrine of respondeat superior, for damages exclusively resulting from the criminal conduct of the servant, said conduct being considered as not generally falling within the scope of the servant's employment.

Here, however, the defendant insurer is being sued, pursuant to the direct action statute of the Commonwealth (Title 26 L.P.R.A. § 2001) on the liability by it assumed under a contract of insurance with American Trucking Co. Inc. and/or American Trucking Co. Leasing Corporation, evidenced by its Policy No. 258 AA 2262, a duplicate of which is attached as Exhibit A to plaintiffs' motion to strike, under consideration herein.

Portions of Section I (Coverage A— Bodily Injury Liability) Section III (a) (2) (Definition of Insured) and of Condition 10 (Assault and Battery) are in addition quoted in plaintiffs said motion.

Under the most recent expression of the Commonwealth's Supreme Court (See Fernando Barreras v. Miguel Santana and United Benefit Fire Insurance Company, No. 520, decided on February 8, 1963, opinion of Mr. Justice Rigau, Bar Association Reference No. 3 for the year 1963), insurance policies are considered contracts of adhesion to be strictly interpreted against the party who drafted the same, in this case the defendant insurance company.

Therefore, under the sections and condition of the insurance policy which plaintiffs invoke and which must be thus strictly interpreted against the defendant, the holdings of Marrero v. Lopez, et al. supra, and other similar cases to the same effect decided by the Supreme Court of the Commonwealth have no bearing in the determination of the rights of the plaintiffs as against the defendant and the liability of the latter under the insurance policy involved herein.

The law which must prevail with respect thereto is that which has been established by the federal courts in the interpretation of similar insurance policy provisions.

The decisions in Huntington Cab Co. v. American Fidelity & Casualty Co. (4th Cir., 1946) 155 F.2d 117; Glens Falls Indemnity Co. v. Atlantic Bldg. Corp. et al. (4th Cir., 1952) 199 F.2d 60, and Jernigan v. Allstate Insurance Company (5 Cir., 1959) 272 F.2d 857, holding the insurer liable under circumstances very similar to those alleged in the complaint herein, and discarding defenses analogous to those sought to be stricken by plaintiffs motion, amply support plaintiffs' position in that regard.

Northwestern National Casualty Co. v. McNulty, 5 Cir., 307 F.2d 432, invoked by defendant in support of its contention that public policy precludes coverage under the factual situation herein, is inapposite to the present action.

Plaintiffs herein are not seeking any punitive damages against the defendant, as was the only question decided adversely to the claimant in the aforesaid case.

Affirmative defenses 1, 2, 3 and 4 alleged in defendant's answer are insufficient in law and must be, as they are hereby ordered stricken from said answer.