Juan **FRATICELLI** et al., etc., et al.,
Plaintiffs, Appellants,

v.

**ST. PAUL FIRE AND MARINE INSUR-
ANCE CO.**, Defendant, Appellee.

**No. 6790.**

United States Court of Appeals
First Circuit.

April 7, 1967.

H. Febus Bernardini, Ponce, P. R., with whom Eugenio Cornier Salls, Ponce, P. R., was on brief, for appellants.

Victor R. Gonzalez Manguel, San Juan, P. R., with whom Milton F. Rua and Rivera Zayas, Rivera Cestero & Rua, San Juan, P. R., were on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

This is a suit against an insurance company brought pursuant to Puerto Rico's direct action statute (26 L.P.R.A. §§ 2001 and 2003, hereinafter § 2001 and/or § 2003),[1] to recover damages re-

---

1. "§ 2001. *Liability insurer's liability absolute*

"The insurer issuing a policy insuring any person against loss or damage

through legal liability for the bodily injury, death, or damage to property of a third person, shall become absolutely liable whenever a loss covered by the policy

sulting from an automobile accident allegedly caused through the fault or negligence of defendant's insured. The accident occurred on January 6, 1962. This suit was commenced some four years later (January 24, 1966). The district court dismissed the complaint insofar as the adult plaintiffs are concerned [2] on the ground that any action they may have had against the insurance company under § 2003 is barred by the same one year statute of limitations governing suits brought against tortfeasors under the general liability provisions of the Civil Code. (31 L.P.R.A. § 5141, hereinafter § 5141).[3] The ultimate question raised by plaintiffs' appeal is whether said one year limitation[4] is applicable to suits brought against insurers alone under § 2003. This question is one of first impression in Puerto Rico.

Plaintiffs contend that such suits are governed not by this one year statute but by the general fifteen year limitation provided in 31 L.P.R.A. § 5294.[5] The basis of their contention is that § 2001 and § 2003, enacted in 1957 as part of the new Insurance Code, created a brand new cause of action against insurer but since this statute does not fix or provide a specific term of prescription, suits brought under it are prescribed by the catch-all fifteen year statute above mentioned. Plaintiffs further contend that this one year statute, which defendant sets up as a bar to this action, is a personal defense available to the tortfeasor only and under the recent case of Garcia v. Northern Assurance Co., P.R.R. , April 13, 1965, P. R. Bar Ass'n Adv. Shts., 1965–74, cannot be raised by the defendant insurer.

It is defendant's position that § 2001 and § 2003 created a new right of action rather than a new cause of action and that although this new right is separate and distinct from the one created earlier under § 5141, both rights of action are based on the same cause of action and are subject to the same one year statute of limitations.

From our examination of this direct action statute, its legislative history and the cases interpreting its meaning and purpose, we have no doubt that in enacting it the legislature intended to

---

occurs, and payment of such loss by the insurer to the extent of its liability therefor under the policy shall not depend upon payment by the insured of or upon any final judgment against him arising out of such occurrence."

"§ 2003. *Suits against insured, insurer*

"(1) Any individual sustaining damages and losses shall have, at his option, a direct action against the insurer under the terms and limitations of the policy, which action he may exercise against the insurer only or against the insurer and the insured jointly. The liability of the insurer shall not exceed that provided for in the policy, and the court shall determine, not only the liability of the insurer, but also the amount of the loss. Any action brought under this section shall be subject to the conditions of the policy or contract and to the defenses that may be pleaded by the insurer to the direct action instituted by the insured.

"(2) * * *."

2. There are five plaintiffs, one of whom is a minor. His case is not involved in defendant's motion to dismiss since obviously the statute of limitations has not begun to run against him.

3. This statute provides:
"A person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done. Concurrent imprudence of the party aggrieved does not exempt from liability, but entails a reduction of the indemnity."

4. 31 L.P.R.A. § 5298 reads in pertinent part:
"The following prescribe in one year:
"1. * * *.
"2. Actions to demand civil liability * * * for obligations arising from the fault or negligence mentioned in section 5141 of this title, from the time the aggrieved person had knowledge thereof."

5. This statute reads in pertinent part as follows:
"A mortgage action prescribes after twenty years, and those which are personal and for which no special term or prescription is fixed, after fifteen years."

create and did create a separate cause of action.[6] Under this statute a person who sustains loss or damage as a result of the fault or negligence of the insured may, at his option, bring suit directly against the insurer [7]—which direct action exists by reason of the insurance contract. Trigo v. Travelers Insurance Co.,     P.R.R.    , March 11, 1965, P. R. Bar Ass'n Adv. Shts., 1965–36.  See Garcia et al v. Northern Assurance Co., supra; accord, Bosco v. Firemen's Fund Insurance Company, 171 F.Supp. 432 (D.P.R.1959); cf. Sabater v. St. Paul Fire and Marine Insurance Co., 216 F.Supp. 446 (D.P.R. 1963); Santiago v. United States Fidelity and Guaranty Company, 183 F.Supp. 676 (D.P.R.1960).

Both *Garcia* and *Trigo* point out that § 2001 and § 2003 are fashioned after and are almost identical with the Louisiana statute which has been repeatedly interpreted as creating a separate and distinct *cause of action* by reason of the insurance contract.  Lumbermen's Mut. Casualty Co. v. Elbert, 348 U.S. 48, 75 S.Ct. 151, 99 L.Ed. 59 (1954).  In *Trigo,* the Supreme Court of Puerto Rico said this "statute in clear and precise terms

* * *  established a substantial and absolute liability on the part of the insurer" and then went on to state that "this separate substantive action was created directly against an insurer and in favor of the injured third party by reason, of course, of the insurance contract." [8]  But the fact that this optional direct action against the insurer under § 2003 is created by reason of the insurance contract, does not necessarily mean that the one year limitation governing suits against tortfeasors (§ 5141) is inapplicable.

It must be remembered that the damages sought in suits brought under either statute are the same, are based on the same factual situation and stem from the fault or negligence of the insured.[9]  Although ordinarily the one year tort limitation does not apply to contract actions, Ruis et al v. Mercado & Sons, 38 P.R.R. 525 (1928), in Puerto Rico there is a well recognized exception to this general rule where the damages arise out of the commission of a tort.  Buso v. Martinez, 18 P.R.R. 994 (1912).  In that case, as in the instant one, the damage was caused through fault or negligence

---

6. Basically, "A 'cause of action' is a situation or state of facts which entitles a party to sustain an action *and* gives him the right to seek judicial interference in his behalf."  Rhodes v. Jones, 351 F.2d 884 (8th Cir. 1965), cert. denied, 383 U.S. 919, 86 S.Ct. 914, 15 L.Ed.2d 673 (1966). (Italics ours)  Thus, a cause of action consists of two elements: the operative facts and the right or power to seek and obtain redress for the infringement of a legal right which the facts show.  Consequently, to engage in a semantic discussion of the distinction between a "cause of action" and a "right of action" is of little help here as the latter is, by definition, an integral part of the former.  Also, see Jones v. Pledger, 24 U.S.App. D.C. 254, 363 F.2d 986, 988 (1966).

7. Prior to 1952 in order to sue the insurer a plaintiff had to join the insured as a defendant.  In 1952 the statute was amended to allow suit against the insurer alone or jointly against the insured and the insurer.  Perez v. Maryland Casualty Co., 78 P.R.R. 453 (1955), held that this 1952 amendment did not accomplish the desired results in that it was proce-

dural only; did not create a separate cause of action and left the nature of the insurer's liability unchanged—it was still contingent on a finding of liability of the insured.  In enacting the new Insurance Code in 1957 the legislature intended that the insurer's liability be made absolute and no longer depend on prior payment by the insured or final judgment being rendered against him.  In doing so, the legislature created a new cause of action directly against the insurer alone.

8. Accord, Sabater v. St. Paul Fire and Marine Insurance Co., supra, where the court stated that " * * * the defendant insurer is being sued, pursuant to the direct action statute of the Commonwealth (Title 26 L.P.R.A. § 2001) on the liability *by it assumed under a contract of insurance * * *.*"

9. In commenting on the Louisiana's direct action statute the Court in Lumbermen's Mut. Casualty Co. v. Elbert, supra, said that the direct action against the insurer alone encompasses proof of the tortfeasor's negligence as well as the insurer's liability under the policy in order to recover.

although it arose by reason of contract. The Supreme Court upheld the action of the trial court in sustaining defendant's demurrer on the ground that the damages claimed arose through the fault or negligence referred to in § 1803 of the Civil Code (now § 5141), and therefore the action was prescribed by the one year statute.

We think the instant case comes squarely within the exception recognized in *Buso* for the reason that, as stated above, it is a direct action for damages for the benefit of an injured third person who has suffered as the result of the fault or negligence of the insured tortfeasor. The legislative history of the 1957 act, as set forth in both *Trigo* and *Garcia,* supra, shows that the gravamen of the newly created direct action is damages in that it was "intended to offer persons suffering *damages* the right to receive compensation. * * *" (Italics ours)

In light of the expressed purpose of this statute and the evils it was designed to correct,[10] it is only reasonable to conclude that the legislature intended that the same one year statute of limitations applicable to suits brought under § 5141 apply to suits under the closely related direct action statute (§ 2003) involving the identical facts in the proof of fault or negligence.[11] From a practical point of view the principal difference between them lies in the means which each statute provides in order to attain the same end, namely, to compensate persons suffering damage as a result of fault or negligence. Also, of importance is the fact that the public policy behind both statutes is the same. Under these circumstances, it would be illogical to provide two different periods of limitation—one year and fifteen years. Moreover, this wide disparity would result in undue hardship and expense to insurers by requiring them to keep their files open for such a long time as well as to the motoring public in the form of greatly increased insurance premiums.

It follows from the above holding that plaintiffs' remaining contention that the defendant insurer cannot raise the one year statute of limitations as a defense is without merit.

Affirmed.

10. See n. 7.

11. Although this issue was not directly involved, *Trigo* recognizes inferentially that the limitation applicable to a direct action suit against the insurer alone is one year. (See first paragraph of opinion in *Trigo*)