**Pablo Ocasio GONZALEZ, Plaintiff,**

v.

**CARIBBEAN CARRIERS, LTD., et al., Defendants,**

v.

**LLANOS STEVEDORING CONTRACTORS, Third Party Defendant.**

Civ. No. 143–71.

United States District Court,
D. Puerto Rico.

July 9, 1974.

Nachman, Feldstein & Gelpi, San Juan, P. R., for plaintiff.

Hartzell, Ydrach, Mellado, Santiago, Pérez & Novas, San Juan, P. R., for defendants Lamorte, Burns and Co. and Oceanus Mutual Underwriting Assn., Ltd.

Jiménez & Fusté, San Juan, P. R., for defendants Trans Atlantic Marine, Inc. and Protection Maritime Ins. Co. Ltd.

## OPINION

PESQUERA, District Judge.

Codefendants, Trans-Atlantic Marine, Inc. and Protection Maritime Insurance Co. Ltd., the latter having been initially designated as XYZ Protection and Indemnity Company, have moved to dismiss the supplemental complaint. Some factual background is necessary for an understanding of the supplemental complaint and this motion.

This action was originally filed in February, 1971 against Caribbean Carriers Ltd. The original complaint was a typical complaint involving a longshoreman's injury sustained aboard said defendant's vessel, the M/V Caribe. Caribbean Carriers Ltd. answered the complaint, took discovery and impleaded the stevedoring contractor. Two pretrials were held and when the case was scheduled for trial, the attorneys for Caribbean Carriers Ltd. moved to withdraw on the ground that they were not authorized to continue appearing for the defendant.

From the file it appears that Messrs. Lamorte, Burns & Company, correspondents for certain London underwriters that had previously insured this vessel, represented to plaintiff's counsel that the vessel had an insurance policy in force with Oceanus Marine Indemnity Company in order to convince plaintiff's counsel to forbear from seizing the vessel under the plaintiff's maritime lien. Counsel was then designated by Lamorte, Burns and Company to defend the interests of the shipowner. After the Court permitted counsel for the defendant to withdraw, a supplemental complaint was filed against Caribbean Carriers Ltd., Lamorte, Burns & Company, Oceanus Mutual Protection & Indemnity Company and also against the real brokerage firm and insurance company that did, in fact, issue the policy of insurance on the M/V Caribe. The plaintiff has been determined to be totally disabled by the Social Security Administration and the vessel has disappeared.

The moving defendants have raised a number of issues, each of which shall be discussed.

■ The moving defendants contend that they are not subject to suit in Puerto Rico because they were not doing business in Puerto Rico. Since the decisions in International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 and McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223, and Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283, it has become hornbook law that a defendant need not have an office nor a permanent place of doing business in a jurisdiction to be subject to the in personam jurisdiction of its tribunals. All that is necessary is that the defendant maintain minimum contacts. In the *McGee* case a contract of insurance was mailed from Texas to California and it was held that California had sufficient contacts because the contract was delivered there, the premiums were mailed from there and the insured was a resident of California. In the case at bar the contract coverage which, at the time of issuance, was to cover any subject, resident, located, or to be performed in Puerto Rico. However, an unauthorized insurer may defend an action in Puerto Rico and process may be served upon such an unauthorized insurer. Section 1005 of Title 26 of the Laws of Puerto Rico Annotated provides in part:

"[Subdivision] (1) Delivery, effectuation, or solicitation of any insurance contract by mail or otherwise, within Puerto Rico by an unauthorized insurer, or the performance within [the Commonwealth of] Puerto Rico of any other service or transaction connected with such insurance by or on behalf of such insurer, shall be deemed to constitute an appointment by such insurer of the Commissioner as its attorney-in-fact upon whom may be served all lawful process issued within Puerto Rico. In any action or proceeding against such insurer arising out of any such contract or transaction, or in any action or proceeding instituted to obtain the annulment of said contract. . . . "

■ The remainder of the statute provides the means of substituted service and Section 1006 requires that the unauthorized insurer file a bond to secure the payment of any final judgment. Since the vessel's home port was in Puerto Rico and since the accident occurred in Puerto Rico and the insurance policy was mailed to Puerto Rico, the best that can be said for defendants' argument is that the defendants are unauthorized insurers. This, obviously, does not help the defendants for if this is in fact the case, then the defendants are subject to jurisdiction in Puerto Rico and are also required to post bond.

■ The defendant, Trans-Atlantic Marine, Inc., has moved for summary judgment on the ground that it is only a broker. Affidavits were submitted in support of the motion and the plaintiff moved for the opportunity of conducting discovery on the allegations contained in the affidavits and in the agency contract. The supplemental complaint, on the other hand, refers to actions taken by Trans-Atlantic Marine, Inc. which, if proven, would tend to show that Trans-Atlantic Marine, Inc. exceed its authority as an agent and incurred in acts designed to deprive plaintiff of his rights. The Court is sufficiently satisfied that there is a factual dispute that needs further exploration. Accordingly, that portion of the motion for summary judgment which seeks the dismissal against Trans-Atlantic Marine, Inc. is denied without prejudice, with leave to the defendants to renew said motion after the plaintiff's discovery has been completed.

■ Both moving defendants have also contended that the action is time barred because brought more than one year after the occurrence. The applicable statute of limitations is not measured from the date of the occurrence but rather from the date on which the final decision of the State Insurance Fund of Puerto Rico becomes executory. Guerri-

do v. Alcoa Steamship Co., 1 Cir. 1956, 234 F.2d 349. At oral argument, plaintiff's counsel advised the Court that a decision of the Industrial Commission of November 3, 1971 was ratified on April 23, 1973. That decision is executory and on that basis alone the action is not time barred. Although when filed, the supplemental complaint may have been premature as to the moving defendants, that condition has been cured by the lapse of time. Waterman Steamship Corporation v. Rodriguez, 1 Cir. 1961, 290 F.2d 175.

In the case of Ramos v. Continental Insurance Company, 1 Cir., 493 F.2d 329, a suit was dismissed when filed against the insurer seven years after the suit against the insured had been filed. On Appeal, it was remanded on the basis that when the underlying tort is a federal maritime tort, the timeliness of the action under the direct action statute (26 L.P.R.A. Sections 2001, 2003) should be determined under the doctrine of laches.

■ The defendant, Protection Maritime Insurance Co. Ltd. claims that it is entitled to deny coverage because of its insured's failure to comply with notice requirement under the policy. This defense might give grounds for a claim over by Protection Maritime Insurance Co. Ltd. against its insured, Caribbean Carriers Ltd. But it may not be raised as a defense against the third party victim. Such a defense is contrary to the public policy of the direct action statute. Trigo v. Travelers Insurance Co., 1965, 91 P.R.R. 843; Garcia v. Northern Insurance Company, 1965, 92 P.R.R. 236; Bosco v. Fireman's Fund Insurance Co., D.P.R.1959, 171 F.Supp. 432; Sabater v. St. Paul Fire and Marine Insurance Co., D.P.R.1963, 216 F.Supp. 446; Santiago v. United States Fidelity and Guaranty Co., D.P.R.1960, 183 F.Supp. 676.

Protection Maritime Insurance Co. Ltd. also claims that it is justified in denying coverage because its policy contains a deductible clause. It now claims that inasmuch as the insured's vessel has disappeared it does not have a reasonable certainty of recovering that amount if plaintiff recovers. This argument is specious.

■ Caribbean Carriers Ltd. is a party to this suit and is subject to a crossclaim by Protection Maritime Insurance Co. Ltd. If the deductible clause is valid and if Caribbean Carriers Ltd. is insolvent, obviously $1,000.00 would have to be deducted from any recovery that the plaintiff might obtain from Protection Maritime Insurance Co. Ltd. Protection Maritime Insurance Co. Ltd. may not avoid liability because its insured is insolvent or bankrupt, for such a holding would destroy one of the basic concepts of liability insurance.

■ Both defendants also moved for dismissal and summary judgment on the ground that a protection and indemnity policy is not a liability policy within the meaning of the direct action statute. Essentially, the defendants contend that no action may be brought against the insurer under such a policy until the insured has become obligated to pay and has, in fact, paid. The District Court of Puerto Rico, Caffrey J., interpreted the Puerto Rico direct action statute as it applied to maritime cases. He said:

"A comparison of the decisions in Louisiana under its direct action statute with the decisions in Puerto Rico under its direct action statute persuades me that the legislative history of Puerto Rico direct action statute, as explained by the Supreme Court of Puerto Rico, leaves no room for argument that the legislature of Puerto Rico intended that its direct action statute be of any different force and effect whatsoever than the direct action statute of Louisiana." Torres v. Interstate Fire & Casualty, D.P.R. 1967, 275 F.Supp. 784.

The Louisiana cases, therefore, are applicable in deciding this issue. In Coleman v. Jahncke Service, Inc., 5 Cir. 1965, 341 F.2d 956, 961, the Court said:

"There is no indication in Sec. 655 that the Louisiana legislature intend-

ed to deny the right of direct action to persons covered by marine insurance policies, while extending it to all others."

The same reasoning was followed in Olympic Towing Corp. v. Nebel Towing Co., 5 Cir. 1966, 419 F.2d 230; American Sugar Co. v. Vainqueur Corp., 1970 A.M.C. 405.

For the reasons stated above, the defendants' motion to dismiss or in the alternative for summary judgment, are denied with leave to the defendant Trans-Atlantic Marine, Inc. to renew its motion to dismiss on the ground that it has no liability as a broker, after termination of discovery on that issue.