Margaret **REIFER–MAPP,**
**et al., Plaintiffs,**

v.

**7 MARIS, INC., etc., et al., Defendants.**

**Civ. No. 92–1657 (JAF).**

United States District Court,
D. Puerto Rico.

July 27, 1993.

Steven G. Glucksman, Gary, Williams, Parenti, Finney & Lewis Stuart, FL, (Francisco López–Romo of counsel), San Juan, PR, for plaintiffs.

Fernando D. Castro, Calvesbert & Brown, San Juan, PR, for Fireman's Fund.

### OPINION AND ORDER

FUSTE, District Judge.

Plaintiffs, residents of Barbados, bring this action in damages against a San Juan Harbor-based vessel, *in rem*, and the shipowner, a Puerto Rico corporation, and the ship's insurer, *in personam*. Admiralty and maritime jurisdiction is invoked under 28 U.S.C. § 1333. In addition, the plaintiffs allege diversity jurisdiction under 28 U.S.C. § 1332, the amount in controversy exceeding $50,000, exclusive of interest and costs. The vessel has not been arrested and, therefore, the exclusive admiralty jurisdiction has not been effectively triggered. Fed.R.Civ.P. 9(h),

38(e), and 82. Based on the diversity of citizenship jurisdictional allegation, a trial by jury has been requested.

Defendant insurer now brings a motion for dismissal and/or summary judgment claiming that Puerto Rico's direct action statute, 26 L.P.R.A. § 2001 *et seq.*, does not reach ocean marine insurers. We reject the insurer's argument and hereby **deny its motion to dismiss and/or for summary judgment.**

### I.

#### Facts

Reifer–Mapp was allegedly injured aboard the M/V LA REINA DE LA BAHIA ("LA REINA"), in the navigable waters of the United States and Puerto Rico, on May 19, 1991. (*See Statement of Uncontested Facts,* Docket Document No. 12). She alleges that while seated, she was struck in the head and neck by an inadequately and negligently secured life raft on the top level of the ship. (*See Complaint,* Docket Document No. 1). Plaintiff Reifer–Mapp claims that the alleged mishap caused her severe and permanent injuries that have impacted negatively on the life of her husband and on their conjugal partnership. Plaintiffs seek damages in the amount of $6,000,000. *Id.*

Movant, insurer Fireman's Fund Insurance Company ("Fireman's Fund") issued an ocean marine protection and indemnity insurance policy, No. OV 22697230, on or about February 9, 1991, to defendant 7 Maris, Inc., the shipowner, covering the subject vessel, LA REINA, through February 9, 1992. (*See Statement of Uncontested Facts,* Docket Document No. 12). The policy which by its terms was in force on the date of the alleged accident provided coverage for the hull and machinery of the vessel, as well as coverage for protection and indemnity associated with the general operation of the vessel, including personal injury liability, with a limitation of $1,000,000 "per vessel per occurrence." (*See id.,* Napvo Insurance Program, Exhibit 1 at 16).

### II.

#### Issue

Fireman's Fund claims that it cannot be sued directly by plaintiffs under the direct

action statute of Puerto Rico. 26 L.P.R.A. § 2003. The insurer weaves its argumentative web around the language and holdings of Louisiana state courts,[1] the Supreme Court of Puerto Rico, and the Fifth Circuit, in addition to interpretations of various sections of Title 26 of the Laws of Puerto Rico. The fundamental claim espoused by insurer is a legal one. The insurer contends that plaintiffs lack a cause of action against any ocean marine insurer because the statute under which the plaintiffs are bringing their direct action should be interpreted to be inapplicable to "'marine protection and indemnity' insurance." (*Motion to Dismiss and/or for Summary Judgment*, Docket Document No. 21 at 3). If Fireman's Fund's contention is correct and the relevant standards are met for a motion to dismiss, such dismissal pursuant to Rule 12(b)(6) would be appropriate as a matter of law as to the suit against the insurer. *See* Fed.R.Civ.P. 12(b)(6). On the other hand, if Fireman's Fund's argument fails to hold water, and plaintiffs' direct action suit is properly pled, we must assess whether the record is ripe for a summary judgment analysis. *See* Fed.R.Civ.P. 56(c). If both the granting of dismissal and summary judgment are inappropriate means of disposing of plaintiffs' complaint, the case must proceed down the path to a trial on the merits.

## III.

### *Standards for Dismissal and Summary Judgment*

Rule 12(b)(6) states that a defendant may move to dismiss an action against it based only on the pleadings for "failure to state a claim upon which relief can be granted...." Fed.R.Civ.P. 12(b)(6). There is a stringent standard for granting a dismissal, particularly since dismissal takes place so early in the process of litigation. In the case of a motion

to dismiss, "[w]e begin by accepting all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [nonmovant]." *Washington Legal Foundation v. Massachusetts Bar Foundation,* 993 F.2d 962, 971 (1st Cir.1993); *see Coyne v. City of Somerville,* 972 F.2d 440, 442–43 (1st Cir. 1992). We then determine whether plaintiff has stated a claim on which relief can be granted.

On the other hand, Rule 56(c) states that summary judgment "shall be rendered forthwith if the pleadings, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is *no genuine issue* as to any *material fact* and that the moving party is entitled to a *judgment as a matter of law.*" Fed.R.Civ.P. 56(c) (emphasis added). Therefore, in deciding a summary judgment motion, there are essentially three inquiries to pursue: The materiality and genuineness of the factual dispute, and the entitlement to judgment as a matter of law. *Id.; see Goldman v. First National Bank,* 985 F.2d 1113, 1116 (1st Cir.1993); *see also Román Figueroa v. Torres Molina,* 754 F.Supp. 239, 240–41 (D.P.R.1990). In all of the court's considerations in deciding a summary judgment motion, the court must consider the record in the light most favorable to the non-moving party. *Bank One Texas, N.A. v. A.J. Warehouse, Inc.,* 968 F.2d 94, 97 (1st Cir.1992).

## IV.

### *Discussion: Puerto Rico's Direct Action Statute and Maritime Insurers*

Federal maritime law does not permit direct action suits against indemnity insurers on the traditional basis that "[i]n an indemnity contract ... the insurer agrees to reimburse expenses to the insured that the insured is liable to pay and has paid."[2] *Con-*

---

1. It is not uncommon for Louisiana law to be cited by courts in Puerto Rico. Both jurisdictions have partially developed their legal regimes from the codified systems of jurisprudence found in the countries of continental Europe. *See Oliveras–Salas v. Puerto Rico Highway Authority,* 884 F.2d 1532, 1535 (1st Cir.1989); *see also Vicknair v. Hibernia Building Corp.,* 468 So.2d 695, 699 (La.Ct.App.), *rev'd on other grounds,* 479 So.2d

904 (La.1985). Moreover, given Louisiana's geographical proximity to the Gulf of Mexico, Louisiana state courts often deal with maritime matters similar to those arising in Puerto Rico. We note, however, that Louisiana state court decisions are particular to Louisiana legislation and have no actual precedential value in Puerto Rico.

2. *See generally* Raymond P. Hayden and Sanford E. Balick, *Admiralty Law Institute Symposium:*

*tinental Oil Co. v. Bonanza Corp.,* 677 F.2d 455, 459 (5th Cir.1982), *vacated on other grounds,* 706 F.2d 1365 (5th Cir.1983). *See Albany Ins. Co. v. Wisniewski,* 579 F.Supp. 1004, 1013–14 (D.R.I.1984). Thus, a local remedy must exist to permit a direct action by a third party against an indemnity insurer. Puerto Rico has adopted such a statute. 26 L.P.R.A. § 2001 *et seq.*

## A. *The Language of the Statute*

Title 26, Chapter 20, of the Laws of Puerto Rico Annotated ("L.P.R.A."), provides for direct action suits against insurers. 26 L.P.R.A. § 2001 *et seq.* The statute holds insurers absolutely liable for covered perils whether or not the insured party compensated the injured person or was found to be at fault in a final judgment. The relevant section reads as follows:

> The insurer issuing a policy insuring any person against loss or damage through legal liability for the bodily injury, death, or damage to property of a third person, shall become absolutely liable whenever a loss covered by the policy occurs, and payment of such loss by the insurer to the extent of its liability therefor under the policy shall not depend upon payment by the insured of or upon any final judgment against him arising out of such occurrence.

26 L.P.R.A. § 2001. The Puerto Rico Supreme Court has decided several cases interpreting this section. *See, e.g., Garcia v. Northern Assurance Co.,* 92 P.R.R. 236 (1965). The *Northern Assurance* decision was also founded on the direct action section of the statute. *See* 26 L.P.R.A. § 2003. The direct action statute of the Puerto Rico Insurance Code states the following:

> (1) Any individual sustaining damages and losses shall have, at his option, a direct action against the insured under the terms and limitations of the policy, which action he may exercise against the insurer only or against the insurer and the injured jointly. The direct action against the insurer may only be exercised in Puerto Rico. The liability of the insurer shall not exceed that provided for in the policy, and the court shall determine, not only the liability of the insurer, but also the amount of the loss. Any action brought under this section shall be subject to the conditions of the policy or contract and to the defenses that may be pleaded by the insurer to the direct action instituted by the insured.

> (2) If the plaintiff in such an action brings suit against the insured alone, such shall not be deemed to deprive him of the right, by the subrogation to the rights of the insured under the policy, to maintain action against and recover from the insurer after securing final judgment against the insured.

26 L.P.R.A. § 2003. The language of the direct action statute largely speaks for itself. As long as the suit is pursued in Puerto Rico, "any individual" who properly claims "damages and losses" may bring such action directly against the insured, the insurer, or both jointly. *Id.* In fact, a damaged party may bring an action first against the insured and later against the insurer. *Id.* The insurer cannot be held liable for damages in excess of the relevant insurance policy according to the statute, and a directly-sued insurer may plead the defenses as described above. Moreover, the conditions on the policy may limit recovery by the terms of the insurance agreement. *Id.*

The court should point out that nowhere in the statutory section containing the direct action remedy in Puerto Rico are there exceptions or special considerations involving any particular type of insurance policy or company. Thus, from the language of the statute alone, a direct action based on an ocean marine protection and indemnity insurance policy is permissible.

Defendant Fireman's Fund argues that other sections and chapters of the Laws of Puerto Rico explicitly segregate ocean marine insurers and their policies from all others, allegedly creating a broad exception for ocean marine insurers in all chapters of Title

*Marine Insurance: Varieties, Combinations, and Coverages,* 66 Tul.L.Rev. 311 (Dec.1991); Richard Alexander, *Article: Admiralty, Federalism,* *and the New York Direct Action Statute: Seamen's Rights to Enforce Jones Act Judgments,* 49 Brooklyn L.Rev. 179 (Winter, 1983).

26.[3] Defendant specifically argues that 26 L.P.R.A. §§ 905, 1101(2)(b), and particularly 1101(1) should be interpreted to signify a broad marine insurers exception to the general direct action section. We find absolutely no persuasive value in such an argument.

First, the statutory exceptions cited by defendant insurer are not broad or general; rather they are particular to a chapter or section of Title 26. Section 905 is limited to the definition of an adjuster and it states that a practicing attorney who adjusts insurance losses on a sporadic basis as part of his law practice or a marine appraiser, are not adjusters under the Insurance Code needing a license to operate as such. Section 1101, as a part of Chapter 11 of the Insurance Code, regulates which kinds of insurance contracts need to comply with the insurance contract public policy requirements. An auto insurance policy would be a regulated contract; marine insurance is not. It would take a monumentally-strained interpretation to say that an exception to the application of Chapter 11, written in the "Scope of Chapter" section, 26 L.P.R.A. § 1101(1), should apply to Chapter 20 and, thus, the direct action statute. Equally strained would be an interpretation that the following set of words in Chapter 11 means anything but a title-wide

definition: "For the purposes of subsection (1) [i.e., 26 L.P.R.A. § 1101(1),] and this title, 'ocean marine and foreign trade insurances' shall include only ... [i]nsurance of marine builders' risks, marine war risks, and contracts of marine protection and indemnity insurance...." 26 L.P.R.A. § 1101(2)(b).[4]

A plain-meaning reading of section 1101 certainly does not indicate that which Fireman's Fund claims, namely that 26 L.P.R.A. § 1101 is intended to remove ocean marine protection and indemnity insurance from the realm of regulation of the entire insurance title. Nowhere in movant's other citations to Title 26 does a clear and plain-meaning interpretation lead us to even a crumb of a piece of bread that might lead us down a road toward a conclusion that the Puerto Rico direct action statute is inapplicable to ocean marine insurers. Movant does not discuss other sections that create exceptions for ocean marine insurers, but for the sake of exhausting our analysis, we examine those sections and find the same lack of helpful crumbs that would support movant insurer's claim: 26 L.P.R.A. §§ 329 (marine insurance need not be placed through a resident broker or agent), 412 (marine reinsurance need not comply with specific reinsurance provisions),

3. Another way of stating the same contention is that ocean marine *policies* are allegedly treated differently under relevant law. In this opinion and order, we will use terminology that assumes the interchangeability of "insurers" and "insurance policies" when addressing the applicability of Puerto Rico law.

Moreover, ocean marine insurance should be understood *to include ocean marine protection and indemnity insurance pursuant to 26 L.P.R.A. § 1101(2)(b).* Likewise, ocean marine insurers include ocean marine protection and indemnity insurers.

4. Since Fireman's Fund makes such a lengthy and strenuous argument on this point of statutory interpretation, we feel it important to reproduce the section that purportedly affects the direct action statute of Chapter 20:

§ 1101. Scope of chapter [11]

(1) *The applicable provisions of this chapter shall apply to insurances other than ocean marine and foreign trade insurances as defined in subsection (2),* and other than insurance contracts not covering subjects of insurance resident, located, or to be performed in Puerto Rico, issued for delivery and delivered outside of Puerto Rico, except as provided in section

1111(6) of this title (approval of forms for delivery in jurisdictions where local approval not provided for). This chapter does not apply to reinsurance.

(2) *For the purposes of subsection (1) and this title, "ocean marine and trade insurances" shall include only:*

(a) Insurances upon vessels, crafts, hulls, and of interests therein or with relation thereto;

(b) *Insurance of marine builders' risks, marine war risks, and contracts of marine protection and indemnity insurance;*

(c) Insurance of freights and disbursements pertaining to a subject of insurance coming within this definition;

(d) Insurance of personal property and interests therein, in course of exportation from or importation into any country, or in course of transportation coastwide, including transportation by land, water, or air from point of origin to final destination, in respect to, appertaining to, or in connection with, any and all risks or perils of navigation, transit or transportation, and while being prepared for and while awaiting shipment, and during any delays, storage, transshipment or reshipment incident thereto.—Ins.Code § 11.010.

26 L.P.R.A. § 1101 (emphasis added).

414 (marine insurance not bound by the ten percent surplus limit), 1001, and 1007a (liberal treatment given to marine insurance under unauthorized insurance provisions) do not support the proposition that 26 L.P.R.A. § 2003 is inapplicable to ocean marine insurers.[5] In fact, since the Puerto Rico legislature found it necessary to exclude ocean marine insurers from the application of some sections and not others only bolsters the notion that unless Chapter 20 or the direct action statute within that chapter specifically exempts ocean marine insurers, neither of which is the case, such insurers must be treated like all other insurers in Puerto Rico and must, therefore, be subject to direct action suits.

Second, analogies with Louisiana legislation and case law and Fifth Circuit case law are misplaced in the instant suit, since the analogous Louisiana legislation, unlike Puerto Rico law, may reasonably be interpreted to exempt ocean marine insurers from direct action suits.[6] *See* La.Rev.Stat.Ann.

---

5. We emphasize that nowhere does any statutory exception involving ocean marine insurance state or imply that the exception applies to the entire title or to the chapter encompassing the direct action remedy.

6. The Louisiana statutes at issue are reproduced in their entirety below. Section 655 describes the direct action remedy available under the laws of Louisiana, and section 611 may be reasonably interpreted to exempt ocean marine insurance from such actions. Note that unlike the Puerto Rico analogues, the exception language and the direct action section are a part of a single legislative unit, Title 22, Chapter 1, Part XIV, of the Louisiana Revised Statutes:

Title 22—Insurance
Chapter 1—Insurance Code
Part XIV—The Insurance Contract

\* \* \* \* \* \*

§ 611. Scope of Part
   A. *The applicable provisions of this Part shall apply to insurance other than ocean marine* and foreign trade insurances. This Part shall not apply to life insurance policies not issued for delivery in this state nor delivered in this state. This Part also shall not apply to any health and accident insurance policy not issued for delivery in this state nor delivered in this state, except for any group policy covering residents of Louisiana, regardless of from where it was issued or delivered.
   B. The exceptions in Subsection A of this Section do not apply to R.S. 22:627. The only exceptions from the requirements of R.S. 22:627 are those stated therein.

\* \* \* \* \* \*

§ 655. Liability policy; insolvency or bankruptcy of insured and inability to effect service of citation or other process; *direct action against insurer*
   A. No policy or contract of liability insurance shall be issued or delivered in this state, unless it contains provisions to the effect that the insolvency or bankruptcy of the insured shall not release the insurer from the payment of damages for injuries sustained or loss occasioned during the existence of the policy, and any judgment which may be rendered against the insured for which the insurer is liable which shall have become executory, shall be deemed prima facie evidence of the insolvency of the insured, and an action may thereafter be maintained within the terms and limits of the policy by the injured person, or his or her survivors, mentioned in Civil Code Art. 2315, or heirs against the insurer.
   B. (1) *The injured person or his or her survivors or heirs mentioned in Subsection A, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido,* in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only. However, *such action may be brought against the insurer alone only when:*
   (a) The insured has been adjudged a *bankrupt* by a court of competent jurisdiction or when proceedings to adjudge an insured a bankrupt have been commenced before a court of competent jurisdiction;
   (b) The insured is *insolvent;*
   (c) *Service of citation or other process cannot be made on the insured;*
   (d) When the cause of action is *for damage as a result of an offense or quasi-offense* between children and their parents or between married persons; or
   (e) When the insurer is an *uninsured motorist carrier.*
   (2) *This right of direct action shall exist whether or not the policy of insurance sued upon was written or delivered in the state of Louisiana and whether or not such policy contains a provision forbidding such direct action, provided the accident or injury occurred within the state of Louisiana.* Nothing contained in this Section shall be construed to affect the provisions of the policy or contract if such provisions are not in violation of the laws of this state.
   C. It is the intent of this Section that any action brought under the provisions of this

§§ 22:611 and 22:655 (1992). *See also Delaune v. St. Marine Transportation Co.*, 749 F.Supp. 1463, 1467–68 (E.D.La.1990) (discussion of Louisiana direct action statute and amendments adopted as recently as 1989 to except ocean marine insurers); *compare Doxey v. Zapata Haynie Corp.*, 615 So.2d 36, 36–37, (La.Ct.App.3d Cir.1993) (ocean marine insurers found to be explicitly exempt from direct action suits) *with Hae Woo Youn v. Maritime Overseas Corp.*, 605 So.2d 187, 208–09 (La.Ct.App. 5th Cir.1992) (ocean marine insurers may be subject to direct actions).[7] Unlike the Puerto Rico legislation, the Louisiana direct action statute and the ocean marine insurer exception apply to the same legislative unit, or "Part", of Louisiana law.

Thus, an evaluation of the direct action statute of Puerto Rico, and Title 26 generally, produces no convincing evidence that ocean marine insurers or their policies should be treated any differently from other classes of insurers or insurance policies under Puerto Rico law for purposes of the direct action statute. Moreover, analogies drawn between Louisiana and Puerto Rico law are inherently flawed, since the ocean marine exception to Louisiana's direct action statute has no parallel in relevant Puerto Rico statutes.

## B. *Federal and Puerto Rico Case Law*

Not surprisingly, federal and Puerto Rico case law offer little, if any, support to movant insurer's argument that it is exempt from direct action suits. Moreover, we do not choose to defy precedent and to set aside

> Section shall be subject to all of the lawful conditions of the policy or contract and the defenses which could be urged by the insurer to a direct action brought by the insured, provided the terms and conditions of such policy or contract are not in violation of the laws of this state.
> D. It is also the intent of this Section that all liability policies within their terms and limits are executed for the benefit of all injured persons and their survivors or heirs to whom the insured is liable; and, that it is the purpose of all liability policies to give protection and coverage to all insureds, whether they are named insured or additional insureds under the omnibus clause, for any legal liability said insured may have as or for a tortfeasor within the terms and limits of said policy.
> La.Rev.Stat.Ann. §§ 22:611 and 22:655 (1992).

reasonable statutory interpretation in favor of the alleged prevailing wisdom in Louisiana on direct actions against ocean marine insurers, particularly given the large gulf in language between the relevant statutes of Puerto Rico and Louisiana.

As Judge Cerezo, in the most recent decision of this court on the subject, convincingly stated,[8]

> [w]e are not persuaded by [the insurer's] argument, as we are convinced that the Puerto Rico Direct Action statute, 26 L.P.R.A. § 2003, has provided plaintiffs with a cause of action against [the insurer], notwithstanding [certain contrary policy provisions]. The statute, after all, becomes a part of every insurance policy having effect in the Commonwealth as though written into the policy, *Trigo v. The Travelers Ins. Co.*, 91 P.R.R. 843, 850 (1965).... The fact that we are dealing with a marine protection and indemnity policy [as opposed to a liability policy] ... is of no consequence.

*Meléndez v. S.S. Mut. Underwriting Assn.*, 763 F.Supp. 1174, 1179 (D.P.R.1991). *See González v. Caribbean Carriers, Ltd.*, 379 F.Supp. 634, 637 (D.P.R.1974) (finding that the Puerto Rico direct action statute applies to a marine protection and indemnity policy insurer); *cf. Ruiz Rodríguez v. Litton Industries Leasing Corp.*, 574 F.2d 44, 45 (1st Cir.1978); *Morales v. Puerto Rico Marine Management, Inc.*, 474 F.Supp. 1172, 1177 (D.P.R.1979); *Hernández v. Steamship Mut. Underwriting Assoc.*, 388 F.Supp. 312, 313–

**7.** For a discussion of Louisiana's direct action statute prior to its recent amendments, inter alia, exempting ocean marine insurers, *see* Alston Johnson, *The Louisiana Direct Action Statute*, 43 La.L.Rev. 1455 (1983).

**8.** Defendant insurer attempts to downplay the decision in *Meléndez v. S.S. Mut. Underwriting Assn.*, 763 F.Supp. 1174 (D.P.R.1991). Insurer argues that because of recent Fifth Circuit precedent, the *Meléndez* court has decided to consider further briefing on the subject addressing the same arguments presented to us in this motion. We note that such a pending motion in another chamber—if it indeed exists—does not change the published holding of the above cited decision. Regardless, the arguments presented to this court shall be judged on their own merit and in light of relevant existent law.

14 (D.P.R.1974); and *Torres v. Interstate Fire & Casualty Co.*, 275 F.Supp. 784, 786–88 (D.P.R.1967). The case law of this district directly or presumptively militates against defendant insurer's arguments and in favor of plaintiffs' ability to bring a direct action against insurer.

■ The Supreme Court of Puerto Rico has also indirectly stated its view of this Puerto Rico statutory issue by affirmatively citing a number of the federal cases listed above that sanction direct action suits against ocean marine insurers. *See, e.g., Cortés-Román v. Commonwealth*, 106 P.R.R. 708, 724–25 (1977) (making positive reference to *González v. Caribbean Carriers, Ltd.*, 379 F.Supp. 634 (D.P.R.1974), and *Torres v. Interstate Fire & Casualty Co.*, 275 F.Supp. 784 (D.P.R.1967)). Since the instant case finds itself in this court based on diversity jurisdiction as an alternate jurisdictional basis, we should defer to local interpretations of the relevant state law. *Fornaris v. Ridge Tool Co.*, 400 U.S. 41, 43, 91 S.Ct. 156, 157, 27 L.Ed.2d 174 (1970); *see also Posadas de Puerto Rico Associates v. Tourism Co. of Puerto Rico*, 478 U.S. 328, 339 n. 6, 106 S.Ct. 2968, 2976 n. 6, 92 L.Ed.2d 266 (1986). While the Supreme Court of Puerto Rico has not directly interpreted the direct action statute in all of its detail, positive references to federal cases supporting a particular view hint at the Puerto Rico Supreme Court's own interpretation. As a federal "court, sitting in diversity jurisdiction, [we refuse] to blaze a new trail where the footprints of the state courts point conspicuously in a contrary direction." *Taylor v. Aetna Casualty & Surety Co.*, 867 F.2d 705, 706 (1st Cir.1989) (quoting *Plummer v. Abbott Laboratories*, 568 F.Supp. 920, 927 (D.R.I.1983)). Given that our interpretation of the direct action statute parallels this court's previous interpretations of 26 L.P.R.A. § 2003, as well as the suggestions made by the Supreme Court of Puerto Rico, we are confident that our analysis properly respects both state and federal precedent and the intent of the Puerto Rico statutory law at issue.

We, therefore, decide that Puerto Rico law permits direct action suits against ocean marine insurers, including marine protection and indemnity insurers. *See* 26 L.P.R.A. § 1101(2)(b). As we noted previously, such an insurer is only accountable for the legal limitations of the policy's coverage.

### C. *Application of the Direct Action Statute to the Instant Insurer*

The direct action statute of Puerto Rico makes no exceptions, explicitly or implicitly exempting from properly-pled suits ocean marine protection and indemnity insurers like defendant. This interpretation of Puerto Rico law is in keeping with previous federal court interpretations of 26 L.P.R.A. § 2003. Our holding also compliments the language of relevant Puerto Rico statutes and follows the limited guidance on the subject of direct action suits against ocean marine insurers as provided by the Supreme Court of Puerto Rico.

### V.

### *Conclusion*

We now dispose of defendant insurer's motion. To view said motion as one for summary judgment would be premature. Factual questions have simply not been at issue. Law has been the focus of the pleadings at this point in the litigation. Therefore, the motion for dismissal and/or summary judgment is treated as a Fed.R.Civ.P. 12(b)(6) motion to dismiss. We find that, as a matter of law, plaintiffs' suit against Fireman's Fund does state a cause of action for which relief could be granted. Fed.R.Civ.P. 12(b)(6). The motion to dismiss is, therefore, **DENIED.**

**IT IS SO ORDERED.**