615 So.2d 36 (1993)
Walden DOXEY, et al., Plaintiffs-Appellants,
v.
ZAPATA HAYNIE CORPORATION, et al., Defendants-Appellees.
No. 92-281.
Court of Appeal of Louisiana, Third Circuit.
March 3, 1993.
Kenneth E. Badon and Drew Averill Ranier, Lake Charles, for Waldon Doxey, et al.
John Peter Napolitano Jr. and Dorothy Sheridan Watkins, New Orleans, for Zapata Haynie, et al.
Before GUIDRY, LABORDE and DECUIR, JJ.
LABORDE, Judge.
In this case, plaintiffs-appellants appeal the trial court's judgment sustaining a peremptory exception of no right of action on the issue of whether the insurance policy involved was an ocean marine insurance policy and thus, excluded from coverage by Louisiana's Insurance Code. Finding no error on the part of the trial court, we affirm.

FACTS
Plaintiff, Waldon Doxey, was injured while working aboard a vessel owned by defendant, Zapata Haynie Corporation. Zapata was insured under a "Master Risk Control Policy" issued by David Garreth Williams (as nominee for certain underwriters at Lloyds of London), Abu Dhabi National Insurance, and FORSIKRIGHSAKEIESELSKAPET VESTA (hereafter the insurers).
Plaintiff and his wife brought suit against Zapata under the Jones Act. They also sued the insurers under the Louisiana Direct Action Statute. The insurers filed an exception of no right of action contending the policy is a marine "protection and indemnity" (P & I) policy and that it is thus "ocean marine" insurance which is not covered by the Louisiana Direct Action Statute. The trial court found in favor of the insurers and granted their exception.
The trial court signed a judgment dismissing plaintiffs' suit against the insurers on January 10, 1992. Plaintiffs then appealed alleging two assignments of error.

ASSIGNMENT OF ERROR NUMBER ONE
In this assignment of error, plaintiffs contend the trial court erred in holding that the policy issued to Zapata by the insurers is ocean marine insurance. The Louisiana Insurance Code, which encompasses the direct action statute, clearly states that the provisions of the Code do not apply to "ocean marine" insurance. Difficulty in defining "ocean marine" insurance arose prior to 1989 because the legislature did not define "ocean marine" insurance in the general definitions section of the Insurance *37 Code at La.R.S. 22:6. However, in 1989, the Louisiana legislature amended La.R.S. 22:1379(9) to add the following definition of "ocean marine" insurance:
Insurance as defined in R.S. 22:6(13), except for inland marine, as well as any other form of insurance, regardless of the name, label or marketing designation of the insurance policy which insures against maritime perils or risks ... which are usually insured against by traditional marine insurances such as ... marine protection and indemnity ... including liability of the insured for personal injury, illness or death or for loss or damage to the property of the insured for personal injury, illness or death or for loss or damage to the property of the insured or another person.
The legislature also amended La.R.S. 22:1377 as follows:
The kind and coverage of insurance afforded by any policy shall be determined solely by the coverage specified and established in the provision of that policy, regardless of any name, label, or marketing designation of the policy.
As a result of these amendments, the legislature has clearly defined "ocean marine" insurance. Additionally, the Louisiana Supreme Court in Backhus v. Transit Casualty Company, 549 So.2d 283 (La.1989) considering both common usage in the insurance industry and the statutory definition of "marine protection and indemnity insurance," concluded that "ocean marine" insurance includes marine P & I insurance. Given the recent amendments to the Insurance Code defining this term and the Supreme Court's holding in Backhus, supra, and after reviewing the record and insurance policy, we find the trial court correctly found that the insurance policy in this case is ocean marine insurance. Accordingly, this assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER TWO
In this assignment of error, plaintiffs contend the trial court erred in holding that the insurers were not subject to suit under the Louisiana Direct Action Statute. Since we find the trial court correctly labeled the insurance policy in this case as ocean marine insurance and ocean marine insurance is expressly excluded from the Direct Action Statute of Louisiana's Insurance Code, this assignment of error also lacks merit.

DECREE
The trial court judgment in favor of defendants, Zapata Haynie Corporation, et al, is affirmed. All costs of this appeal are assessed against plaintiffs, Walden Doxey, et al.
AFFIRMED.
GUIDRY, J., concurs and assigns reasons.
GUIDRY, Judge, concurring.
In my view, the trial court correctly granted defendants' exception of no right of action. For the following reasons, in addition to those of the majority, I respectfully concur.
The issue is whether the insurance policy in question is "ocean marine" insurance which is precluded from the regulatory scope of the Insurance Code. If so, then plaintiffs cannot bring a direct action against the defendants-insurers pursuant to La.R.S. 22:655. This accident occurred prior to the effective date of La.R.S. 22:1379(9), added by Act No. 688 of 1989, which defines "ocean marine" insurance within the context of the Louisiana Insurance Guaranty Association (LIGA) section of the Insurance Code. Prior to 1989, "ocean marine" insurance was not defined anywhere within the Insurance Code. Faced with this statutory vacuum, prior jurisprudence sought to craft a definition of "ocean marine" insurance. The cases in which this issue arose were all within the context of disputed LIGA coverage. In Deshotels v. SHRM v. LIGA, 538 So.2d 988 (La.1989), the Supreme Court defined "ocean marine" insurance as being synonomous with traditional marine property insurance covering hulls, freights and cargoes. It held that an insurance policy which insures an employer against liability to employees for personal injury is not a policy of "ocean marine" insurance merely *38 because it embraces some maritime risks. Under the Deshotels rationale, the P & I insurance policy in this case would not be considered "ocean marine" insurance. In Backhus v. Transit Casualty Company, 549 So.2d 283 (La.1989), the Supreme Court concluded that a P & I insurance policy, similar to the policy at issue herein, was "ocean marine" insurance and, thus, LIGA coverage did not extend thereto. In doing so, it recognized that its decision was inconsistent with Deshotels and prompted the legislature to resolve the anomaly.
A few months prior to rendition of the Supreme Court opinion in Backhus, the legislature passed La.R.S. 22:1379(9). This statute is interpretive legislation and, as such, may be retroactively applied. H & B Construction v. LIGA, 580 So.2d 931 (La. App. 4th Cir.1991), writ denied, 587 So.2d 695 (La.1991). The P & I insurance policy in this case clearly falls within the definition of "ocean marine" insurance contained in the statute as amended. Thus, the issue is whether the legislature intended that the definition of "ocean marine" insurance set forth in R.S. 22:1379(9) should be applied outside the scope of the LIGA section which would preclude a direct action against solvent insurers under the general provisions of the Insurance Code. In my opinion, the legislature, in enacting this definitional statute, did not intend to limit its applicability to situations involving LIGA. The legislature certainly could not have intended that "ocean marine" insurance be defined one way in the LIGA section of the Insurance Code and another way in the remainder of the Insurance Code. This would be clearly incongruous and would lead to inconsistent and often contrary results depending upon whether the defendant was LIGA or a solvent insurer. In light of the Supreme Court's expression in Backhus and the definition of "ocean marine" insurance set forth in La. R.S. 22:1379(9), in my view, the trial court correctly held that the plaintiffs are precluded from bringing a direct action against the defendants-insurers under the P & I policy at issue. I am aware that this result is contrary to the result reached by the Louisiana Fifth Circuit in Hae Woo Youn v. Maritime Overseas Corporation, 605 So.2d 187 (1992), writ denied, 609 So.2d 240 (1992), writ granted, 609 So.2d 239 (1992), however, we are not bound by this case and decline to follow its result.
For these reasons, I respectfully concur.