_JjLABORDE. Judge.
On remand from the Supreme Court we have been instructed to reconsider our previous judgment affirming the peremptory exception granted by the trial court, 615 So.2d 36 (La.App. 3 Cir.1993), in light of Grubbs v. Gulf International Marine, Inc., 625 So.2d 495 (La.1993).
In Grubbs, supra, the Supreme Court held that:
In sum, the text, purpose, and legislative history of the Louisiana Direct Action Statute and the Louisiana Insurance Code lead us to conclude that within its terms the statute permits all injured persons to maintain direct actions against all liability insurers, including P & I insurers.
Id. at 509 (note omitted).
By letters to this court, the parties have submitted their cases on the record. They agree that the issue in this case is identical to that decided in Grubbs. We agree.
Accordingly, the trial court judgment sustaining defendant’s exception of no right of action is reversed, and the case is | ¿remanded to the trial court for further proceedings.
Costs associated with the exception and appeals thereof to be assessed against the defendants, Zapata Haynie Corporation, et al.
REVERSED AND REMANDED.